■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v S. NATHAN JOHNSON, Appellant.—Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered September 29, 1989, convicting defendant upon his plea of guilty of the crime of attempted forgery in the second degree.

Defendant claims that the evidence before the Grand Jury was insufficient to support the crime charged. Even if it is accepted that this issue was properly preserved for appellate review, we find defendant's contentions lacking in merit. Basically, defendant argues that a fingerprint card is an instrument defined in Penal Law § 170.10 (2) concerning the forgery of records "filed or required * * * to be filed in or with a public office" and not an instrument under Penal Law § 170.10 (3) which deals with records "officially issued or created by a public office [or] public servant". It was the latter subdivision that defendant was charged with violating. The basis for defendant's argument is his claim that because a criminal defendant places his or her fingerprints or signature on the card, it is a document created by that defendant and not by the police agency that takes them. In rejecting this claim, we note that police officers have a statutory obligation to take fingerprints and to submit them to the proper agency *(see,* CPL 160.10, 160.20). Fingerprint cards used to effectuate this requirement are therefore "created by a * * * public servant" and the fact that they are completed by a defendant does not change this result.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.