## Richmond

DEXTER REID, a/k/a/ GARY SHAW

v.

COMMONWEALTH OF VIRGINIA

No. 0205-92-2

Decided June 8, 1993

COUNSEL

Elizabeth D. Scher (Morchower, Luxton and Whaley, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Dexter Reid, appellant, also known as Gary Shaw, was convicted by the trial court under Code § 18.2-168, based on its finding that he gave the alias of Gary Shaw when arrested on September 10, 1991, and signed that same name, although misspelled as Gray, on his fingerprint card. An investigator subsequently examined appellant's fingerprint card and determined that those fingerprints matched the prints on five other cards already on file with the Central Criminal Records Exchange (CCRE) of the Virginia State Police, all of which bore the signature of Dexter Reid. Appellant alleges that the evidence was insufficient to show (1) that what he forged was a public record; (2) that his signature was false; and (3) that the signature, if indeed a forgery, was to the prejudice of another.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). Viewing the evidence in this light, we conclude that it was sufficient to support appellant's conviction.

I.

Appellant argues that we should limit the application of Code § 18.2-168, which proscribes the forging of a public document as a Class 4 felony, to alteration of an existing document originally prepared by a public official. He argues that his conviction should have been for a violation of Code § 18.2-172, which contains a broader definition of forgery and is punishable as a Class 5, rather than a Class 4, felony. Although the only cases interpreting Code § 18.2-168 have involved already-existing public documents, the statute itself contains no such limiting language.

The relevant portions of Code § 18.2-168 proscribe the ''[forging of] a public record . . ., or [the uttering], or [attempting] to employ as

true, such forged record, . . . knowing the same to be forged . . . ." In 1874, in its only opinion on the subject, the Virginia Supreme Court defined a public record as a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it. *Coleman v. Commonwealth*, 66 Va. (25 Gratt.) 865, 881-82 (1874). Since that time, the General Assembly has broadened the definition. The Virginia Public Records Act provides as follows:

> "*Public Records*" means, but is not limited to, all written books, papers, letters, documents, photographs, tapes, microfiche, microfilm, photostats, sound recordings, maps, other documentary materials or information in any recording medium regardless of physical form or characteristics, including electronically recorded data, *made or received* in pursuance of law or in connection with the transaction of public business by any agency or employee of state government or its political subdivisions.

*Id.* (emphasis added). The fingerprint card, which Code § 19.2-390 requires the police to prepare and submit to the Central Criminal Records Exchange (CCRE) on special forms, is clearly a public record under the above statutory definition. It is no less a public record under this definition simply because the person arrested is required to apply his signature and fingerprints to it.

Although we are unaware of any cases from other jurisdictions with identical statutory schemes, we have located several instructive cases. *See* Annotation, *What Constitutes a Public Record or Document within Statute Making Falsification, Forgery, Mutilation, Removal, or Other Misuse Thereof an Offense*, 75 A.L.R.4th 1067 (1990). In *People v. Johnson*, 564 N.Y.S.2d 206 (N.Y. App. Div. 1990), *appeal denied*, 577 N.E.2d 1068 (N.Y. 1991), New York's intermediate court of appeals held that a fingerprint card prepared by a police officer pursuant to statute was "created by a . . . public servant" as required to prove a violation of the public record forgery statute under which the defendant was charged.

In *State v. Edwards*, 513 A.2d 669 (Conn. 1986), the Supreme Court of Connecticut upheld a fingerprint card forgery conviction, but under a statute much more specific than Virginia's. Under Connecticut law,

> A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes,

completes or alters a written instrument or issues or possesses any written instrument which he knows to be forged, which is or purports to be, or which is calculated to become or represent if completed: . . . (2) a public record or an instrument filed or required or authorized by law to be filed in or with a public office or public servant . . . .

*Id.* at 683 n.10 (quoting Conn. Gen. Stat. § 53a-139(a)(2)). By proscribing the false making and completion of a written instrument that *is calculated to become* a public record or an instrument filed with a public servant *if completed,* Connecticut's statute clearly covers the fingerprint card forgery situation. However, the lack of specificity in our statute does not prevent us from concluding that the forgery of a fingerprint card is covered by Virginia Code § 18.2-168.

■ We find no reason to limit application of Code § 18.2-168 to alteration of pre-existing records. As stated above, the card is part of a record that police officers are required by law to make and submit to the proper division of the State Police. We conclude, therefore, that the language of Code § 18.2-168 includes the behavior in which appellant was found to have engaged.

## II.

Appellant also argues that the evidence was insufficient to prove that his signature as Gray Shaw was a false writing made with intent to defraud. The Commonwealth contends that, although appellant argued at trial that the evidence was insufficient to prove the writing false, he failed to object to the sufficiency of the evidence on the issue of intent to defraud. Assuming *arguendo* that appellant did properly preserve this issue for appeal, the evidence was clearly sufficient to prove both that appellant's signature as Gray Shaw was false and that he acted with the requisite intent to defraud.

The evidence adduced at trial established that when appellant was fingerprinted five times previously, he had reported and signed his name as Dexter Reid. The evidence also established that, although he reported his name as Gary Shaw during the arrest at issue, he himself misspelled ''Gary'' as ''Gray'' when signing the fingerprint card. This evidence was clearly sufficient to allow the trial court to conclude, beyond a reasonable doubt, that appellant's signature as ''Gray Shaw'' was false. In addition, the court was entitled to conclude from

the evidence that appellant used this alias in order to mislead the police for as long as possible so that he might receive more favorable treatment at his bond and sentencing hearings. *See Edwards*, 513 A.2d at 683 (citing *People v. Bigus*, 497 N.Y.S.2d 145 (N.Y. App. Div. 1985), *aff'd*, 497 N.E.2d 700 (N.Y. 1986)).

## III.

█ Finally, appellant contends that the evidence did not prove that the false signature was to the prejudice of another. Under Code § 18.2-168, however, prejudice is not an element of the crime. *Campbell v. Commonwealth*, 13 Va. App. 33, 37-40, 409 S.E.2d 21, 24-25 (1991), *on reh'g*, 14 Va. App. 988, 421 S.E.2d 652 (1992) (en banc) (addressing only the issue of intent and leaving unchanged the original panel's disposition of other issues). As this Court said in *Campbell*, "[i]t is readily apparent that violation of any of the forgery statutes other than Code § 18.2-172 is an offense against the public in general or . . . the government itself." *Id.* at 38, 409 S.E.2d at 24. Accordingly, the alleged failure of the evidence to show that the signature was to the prejudice of another is not relevant to appellant's conviction.

For the aforementioned reasons, we affirm appellant's conviction.

*Affirmed.*

Koontz, J.,* and Fitzpatrick, J., concurred.

---

* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.