COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


WILLIAM THOMAS GIBSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0130-95-3       JUDGE LARRY G. ELDER
                                         APRIL 23, 1996
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
               William N. Alexander, II, Judge


         Barbara Hudson for appellant.

         Eugene Murphy, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.



     William Thomas Gibson (appellant) appeals his convictions

for forging a public record and uttering a forged public record,

each in violation of Code § 18.2-168.  Appellant asserts that the

trial court erred in ruling that the evidence proved beyond a

reasonable doubt a violation of Code § 18.2-168.  Because the

trial court did not err, we affirm appellant's convictions.

     On December 30, 1993, appellant paid an unidentified woman

to sign his ex-wife's name as surety to a bail bond for his son's

release from state custody.  The bond had a surety of $650

secured by property jointly owned by appellant and his ex-wife.

The document bore the signatures of appellant, appellant's son,

and the person that appellant hired to sign his ex-wife's name.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The document also bore the signature of the magistrate who, relying on the signatures of the sureties, admitted appellant's son to bail. The bond was filed in the Juvenile and Domestic Relations District Court of Pittsylvania County on January 3, 1994.

Appellant was charged with forging a public record and uttering a forged public record, each in violation of Code § 18.2-168. On November 23, 1994, in a bench trial in the Circuit Court of Pittsylvania County, appellant moved to strike the charges. Appellant argued that the indictments should have been brought under Code § 18.2-172, relating to forgery of private records. The trial court overruled appellant's motion after concluding that a bail bond is a public record. It also ruled that the Commonwealth could have charged appellant under the private record statute because appellant's ex-wife's rights were prejudiced. The trial court convicted appellant of the charged crimes. Appellant now appeals to this Court.

Appellant raises two inter-related arguments on appeal. First, appellant asserts that a bail bond is not a public record. Second, appellant asserts that because the forgery prejudiced the rights of his ex-wife, instead of the rights of the Commonwealth, he should have been charged with violating Code § 18.2-172. We disagree with both assertions.

First, we hold that a bail bond is a public record. At the time of the offense, Code § 42.1-77 defined "public record" to

mean:

> all written books, papers, letters, documents, photographs, tapes, microfiche, microfilm, photostats, sound recordings, maps, other documentary materials or information in any recording medium regardless of physical form or characteristics, including electronically recorded data, made or received in pursuance of law or in connection with the transaction of public business by any agency or employee of state government or its political subdivisions.

See Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993)(fingerprint card is a public record). The forged bail bond in question was approved and signed by a magistrate, pursuant to the magistrate's duties, and resulted in the filing of the document with the court. Upon its execution, appellant's son was released from custody on a pending criminal matter. As such, the bail bond fits squarely within the definition of a public record. It is no less a public record under this definition simply because the bail bond required the signatures of appellant and his ex-wife to secure appellant's son's release. Reid, 16 Va. App. at 470, 431 S.E.2d at 64. "[H]arm or prejudice to the right of another person has never been and is not now an element of the crime of forgery of public records in this Commonwealth." Campbell v. Commonwealth, 246 Va, 174, 184, 431 S.E.2d 648, 654 (1993).

Second, even if the Commonwealth could have charged appellant with private records forgery to the prejudice of his

ex-wife's rights under Code § 18.2-172, see Linton v. Commonwealth, 4 Va. (2 Va. Cas.) 476 (1825)(involving the forgery of a civil bond, where the rights of third parties were prejudiced by the defendant's alteration of the bond), it was not required to do so.  Appellant incorrectly argues that when the "locus of harm" is upon a third party's rights, the Commonwealth must charge a defendant with forging a private document.  The cases appellant cites in support of this flawed argument are inapposite.  In none of the cases that appellant cites was this Court or the Supreme Court called on to decide whether the defendant was properly charged under the public record forgery statute as opposed to the private record forgery statute, or vice-versa.  See Hanbury v. Commonwealth, 203 Va. 182, 122 S.E.2d 911 (1961); Pope v. Commonwealth, 19 Va. App. 130, 449 S.E.2d 269 (1994); Deer v. Commonwealth, 17 Va. App. 730, 441 S.E.2d 33 (1994); Tucker v. Commonwealth, 17 Va. App. 520, 438 S.E.2d 492 (1993); Welch v. Commonwealth, 15 Va. App. 518, 425 S.E.2d 101 (1992).

Because appellant was properly charged and convicted of forging a public document and uttering a forged public document, we affirm his convictions.

Affirmed.

-4-