## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Warren A. Payne, II,
a/k/a Michael Angelo Payne

August 28, 1996

Case No. (Criminal) 90286

BY JUDGE F. BRUCE BACH

This matter comes before the Court on the Defendant's Motion to Strike the Commonwealth's evidence with regard to Count I of the Defendant's indictment. The Defendant is indicted for the felony of Forging a Public Record under Virginia Code § 18.2-168. The sole issue before the Court is whether or not the Defendant's forgery of a Virginia Uniform Summons falls within Virginia Code § 18.2-168.

Upon review of the evidence and case law, it is the determination of this Court that the Defendant is properly indicted under § 18.2-168. In *Reid v. Commonwealth*, 16 Va. App. 468 (1993), the Court of Appeals decided not to limit the application of § 18.2-168 to the alteration of preexisting records and found the defendant's forgery of a fingerprint card to be within § 18.2-168. In its decision, the Court noted the General Assembly's recent expansion of the definition of public records. In particular, the Court defined "Public Records" to mean:

> all written books, papers, letters, documents, photographs, tapes, microfiche, microfilm, photostats, sound recordings, maps, other documentary materials or information in any recording medium regardless of physical form or characteristics, including electronically recorded data, *made or received* in pursuance of law or in connection with the transaction of public business by any agency or employee of state government or its political subdivisions. *Id.* at 470.

In the case at hand, I find that the forged summons is a public record under the above definition. The purpose of a summons and its use by magistrates and law enforcement employees places this document within a public record as defined by the Virginia Court of Appeals. Typically, a full custodial arrest, followed by a booking procedure and a bail hearing, is costly in terms of time, money, and manpower. Therefore, instead of issuing an arrest warrant, many cases will involve the issuance of a summons. In such situations, police officers or magistrates, both employees and agents of the government, issue a summons which commands the accused to appear at a stated time and place before a court of appropriate jurisdiction. The summons names or describes the accused, describes the offense charged, and contains the signature of the issuing authority. By signing the summons, the accused promises to appear before the named court. In short, a summons is a document "made [and] received in pursuance of law [and] in connection with the transaction of public business." *Id.*

Because a summons comes within the ambit of the statutory definition of public documents, the Defendant was correctly indicted under § 18.2-168. The Defendant's Motion to Strike is denied.

I find the Defendant guilty of Count I, Forgery of a Public Document. This case is continued to October 18, 1996, at 10:00 a.m. for sentencing. I order this case to the District Probation Officer for investigation and report before sentencing.