COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


JOHN L. CHELLMAN
                                     MEMORANDUM OPINION[*] BY
v.          Record No. 1630-95-4     JUDGE RICHARD S. BRAY
                                          MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       William L. Winston, Judge

           Timothy B. Hyland (Rodney G. Leffler;
           Leffler, Hyland, Henshaw & Thompson, on
           brief), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     John L. Chellman (defendant) was convicted in a bench trial

for three counts of forging a public document in violation of

Code § 18.2-168.  On appeal, he contends that the forged writings

were not subject to the statutory proscription and challenges the

sufficiency of the evidence to establish the conduct charged in

the indictments.  We disagree and affirm the convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  Under familiar principles of

appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Martin v.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Code § 18.2-168 provides that, "[i]f any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, . . . he shall be guilty of a Class 4 felony." Defendant urges that the forged praecipes lacked the requisite "legal efficacy" because each moved the court to "enter a nolle prosequi" without a showing of "good cause" mandated by Code § 19.2-265.3. See Muhammad v. Commonwealth, 13 Va. App. 194, 196, 409 S.E.2d 818, 819 (1991). He further argues that the Commonwealth's proof must parallel the language of the indictments, which alleged that defendant forged a "public record and certificate, return, or attestation, of a public officer or public employee," (emphasis added), a conjunction of conduct at variance with the disjunctive provisions of the statute.

Where a statute enumerates several proscribed acts in the disjunctive, using "or," the indictment properly may charge

multiple acts or intents in the conjunctive, using "and," in the same count.  See Mitchell v. Commonwealth, 141 Va. 541, 544-45, 550-51, 127 S.E. 368, 369, 371-72 (1925) (single count of indictment charging false entry in bank ledger with intent "to conceal . . . , and to defraud . . . and to assist [another in] obtain[ing] money to which he was not legally entitled"); see also Leath v. Commonwealth, 73 Va. (32 Gratt.) 873, 874-77 (1879) (where statute prohibited possession of specified gaming tables or tables of "like kind" and indictment alleged possession of enumerated tables and those of "like kind," proof of possession of any offending table supported conviction).  In such instances, the Commonwealth need only prove a single proscribed act to convict the accused.  See Mitchell, 141 Va. at 550, 127 S.E. at 371.  The inclusion of "additional unnecessary language . . . did not invalidate the indictments."  Black v. Commonwealth, 223 Va. 277, 282, 288 S.E.2d 449, 451 (1982) (surplusage not fatal, provided "accused is given notice of the nature and character of the offense charged").

Here, although each indictment conjunctively charged conduct which constituted separate and distinct species of forgery related to public documents, the Commonwealth was required to prove only one offending act to convict under the indictment. Thus, if the evidence sufficiently established that defendant forged a "public record," the proof supported conviction notwithstanding the surplusage.

A public record is "a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it." Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64-65 (1993) (citing Coleman v. Commonwealth, 66 Va. (25 Gratt.) 865, 881-82 (1874)); see also Virginia Public Records Act, 1994 Va. Acts ch. 955 (codified at Code § 42.1-77) (defining "public record" as "recorded information that documents a transaction or activity by or with any public officer, agency or employee of the state government or its political subdivisions . . . [and that is] produced, collected, received or retained in pursuance of law or in connection with the transaction of public business"). Therefore, the trial court correctly concluded that each praecipe was a forged public record, purportedly documenting the Commonwealth's motion to nolle prosequi a pending criminal prosecution, clearly the pursuit of "public business" by a "public officer." The apparent legal efficacy inhered in the writing.

Accordingly, we affirm the convictions.

Affirmed.