COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


MALCOLM TERRELL BISHOP, S/K/A
 MALCOLM BISHOP, A/K/A RICHARD SANDERS
                                    MEMORANDUM OPINION[*] BY
v.   Record No.  2397-95-2          JUDGE MARVIN F. COLE
                                       JUNE 10, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Walter W. Stout, III, Judge

          Patricia P. Nagel, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     Malcolm Terrell Bishop (defendant) was indicted on three

charges of forging a public document in violation of Code

§ 18.2-168 based upon his signing the name "Richard Sanders" on

three Virginia Uniform Summonses.  The defendant was convicted on

all three indictments.  He contends that: (1) the evidence was

insufficient to sustain his convictions because the Commonwealth

failed to establish that he is Malcolm Bishop; and (2) the court

erred in admitting evidence of the fingerprint card, the arrest

sheet and his photograph because they constituted inadmissible

hearsay evidence.

     During the arraignment, the defendant objected to

_____

     [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

identifying himself and suggested that the court needed to establish that he was in fact the person charged in the indictments without getting into the merits of the case. Without objection, the name of the defendant on the indictments was amended to include Malcolm Terrell Bishop, Richard Saunders, Richard Sanders, Tyrone Booker and Malcolm Booker. The defendant admitted that he was the person named in the indictments.

### Facts

On May 15, 1995, Officers Wooten, Baskette, and Mark were on routine patrol when they observed the defendant backing his car down the street to a stop sign. They stopped the defendant for a driving violation. Officer Baskette approached him and asked for a driver's license. Because defendant was unable to produce one, he was asked to step out of the car for operating a motor vehicle without an operator's license.

The defendant was asked what his name was, his date of birth, and his Social Security number. He stated his name was Richard Saunders, date of birth January 2, 1973. He was asked how old he was and he stated he was 23. When told that he should only be 22, according to the information he had given, he said, "[W]ell, that's not me, I'll tell you the truth, my name is Richard Sanders, my date of birth is 12/10/73. I still don't know my social security number." This information was run through the Division of Motor Vehicles and no further information was found there. When asked if he had a driver's license, the

2

defendant said "Well, maybe."

At the police station, Officer Wooten filled out three Virginia Uniform Summonses for the traffic offenses. He warned the defendant if he lied and signed the summonses in the wrong name, he would be charged with forgery. The defendant signed each form in Wooten's presence. The defendant was also charged with reckless driving. Officer Baskette filled out the arrest sheet for this misdemeanor. Wooten testified that he was present, went to the magistrate's office, and observed the defendant place his thumb print on the arrest sheet.

Officer Wooten testified that there came a point in time when he found that the defendant was using the name of Malcolm Bishop. He was charged with a parole violation, and the papers for the violation had already been executed upon him. Based on this information, Wooten obtained warrants for forgery based upon the defendant's signature on the three Virginia Uniform Summonses. At trial, Wooten identified the defendant as the person who signed the traffic summonses in his presence.

Detective David S. Tweedie, a detective in the Forensic Unit of the Richmond Police Department, qualified as an expert in fingerprint analysis. The forensic unit is the custodian of all mug shot records and fingerprint records of all arrestees in the City of Richmond. He testified that the forensic unit maintained a fingerprint card in the name of Malcolm Terrell Bishop dated November 16, 1993, date of birth August 10, 1975. He testified

3

that the unit did not have a fingerprint card under the name of Richard Saunders. Tweedie received the Sanders arrest sheet containing Sanders' thumb print. Tweedie compared this print with the prints in the fingerprint records and found it identical with the fingerprint of Malcolm Terrell Bishop. He testified that since no two people have the same fingerprints, he concluded that Bishop and Sanders were the same person. Therefore, the person who placed his fingerprint on the Bishop card in the forensic unit's files was the same person who placed his fingerprint on the arrest sheet. At trial, the Commonwealth's attorney and defense counsel stipulated that if fingerprints were taken on that day, the print on the arrest sheet and the fingerprints on the fingerprint card would match.

The evidence disclosed that arrest sheets customarily are prepared by police officers on the street. Here, Detective Wooten was present when the defendant's arrest sheet was prepared and he saw the defendant place his thumb print on it. He identified the arrest sheet at trial.

## II. Sufficiency of the Evidence

The defendant contends that the Commonwealth failed to establish whether his true identify was Malcolm Bishop or Richard Sanders. He asserts that the evidence only showed that on a prior occasion, he used the name Malcolm Bishop. He claims that when he was previously arrested, he gave the name of Malcolm Bishop and his name may actually have been Richard Sanders.

4

Therefore, the evidence was insufficient as a matter of law to show that by signing the three summonses as Richard Sanders he committed forgeries. If the defendant is Richard Sanders, then the evidence is insufficient to convict him of forgery.

The Commonwealth asserts that the fingerprint card in the forensic unit records establishes that the name "Malcolm Terrell Bishop" matched the thumb print on Richard Sanders' arrest sheet. At the time of his arrest, the defendant gave the name of "Richard Saunders." After realizing that the birth date he gave did not match the age he claimed to be, the defendant changed his story and told the police he was "Richard Sanders." The Commonwealth contends that the defendant falsely signed the three summonses as "Richard Sanders" in order to mislead the police because he was wanted for a parole violation under the name of "Malcolm Bishop"; that he lied to the police about his name and age; and he previously admitted to law enforcement officials that his name was "Malcolm Terrell Bishop." Therefore, the trial court's finding of fact was not plainly wrong and was sufficient to support the convictions of forgery and should not be disturbed on appeal.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

> "'In testing the credibility and weight to be ascribed in the evidence, we must give the trial courts and juries the wide discretion

5

> to which a living record, as distinguished
> from a printed record, logically entitles
> them. The living record contains many
> guideposts to the truth which are not in the
> printed record; not having seen them
> ourselves, we should give great weight to the
> conclusions of those who have seen and heard
> them.'"

Nicholas v. Commonwealth, 15 Va. App. 188, 194, 422 S.E.2d 790, 794 (1992) (citations omitted). It is within the fact finder's discretion to determine whether the testimony of witnesses is credible. See Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991).

The issue is not a matter of degree when the law says that it is for the fact finder to judge the credibility of witnesses. If the witness states facts which, if true, are sufficient to support the decision, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contrary statements go to the weight and sufficiency of the testimony. If the fact finder sees fit to base the decision upon that testimony, there can be no relief in the appellate court. See Simpson v. Commonwealth, 199 Va. 549, 557-58, 100 S.E.2d 701, 707 (1957).

> In this case, the trial judge made the following findings:
> The proof offered by the Commonwealth
> suggests from the officers that in their
> presence Richard Sanders signed three
> Virginia Uniform Summons, there's no contest
> to that. He previously and in the records of
> the . . . police department had a fingerprint
> card in the name of Malcolm Terrell Bishop,
> which matches, according to the testimony,
> exactly the fingerprint on the arrest card,
> which the officers also saw taken at the time

6

> of the arrest at the police station. That
> leads to a photograph, which the Court will
> indicate it has looked at and if it's not Mr.
> Bishop or Mr. Sanders then I would be very
> surprised. It seems to match exactly the
> defendant. He also gave to the officer an
> improper name [Saunders], an improper birth
> date. When caught doing that he changed the
> name [Sanders] slightly and changed the birth
> date to a different birth date than Malcolm
> Terrell Bishop. The indication to the Court
> is that he has attempted to through [sic]
> [throw] off the police about who he is by his
> signing that. It was done so improperly and
> as part of this offense and it meets the
> requirements of this offense.

The record establishes that the defendant had a motive to fabricate his name and age when he discussed the traffic infraction and reckless driving charge with the police on May 15, 1995. A person's motive or reason for committing a crime can generally be shown in order to explain why the offense was committed. See Williams v. Commonwealth, 208 Va. 724, 730, 160 S.E.2d 781, 785 (1968). He had facing him a parole violation. The papers on the violation had already been served upon him. The judge, in this case, was entitled to conclude from the evidence that the defendant was being less than straight-forward with the police because further charges would be detrimental at the parole hearing. Thus, he had a motive to give a false name and age in order that the violations would not be discovered.

In Reid v. Commonwealth, 16 Va. App. 468, 471, 431 S.E.2d 63, 65 (1993), the defendant had been fingerprinted five times previously under the name of Dexter Reid. When arrested, he gave the name "Gary Shaw," but misspelled "Gary" as "Gray." Id. We

7

found this evidence <u>clearly</u> <u>sufficient</u> to convict for forgery.

We find that the trial court's findings of fact are supported by credible evidence beyond a reasonable doubt and are not plainly wrong.

II.

"Hearsay evidence is defined as a spoken or written out-of-court declaration or nonverbal assertion offered in court to prove the truth of the matter asserted therein." <u>Arnold v. Commonwealth</u>, 4 Va. App. 275, 279-80, 356 S.E.2d 847, 850 (1987).

> The business records exception allows introduction into evidence of regular business entries of persons, other than the parties, where the entrant is unavailable to testify at trial and where the trustworthiness of the entries are established by showing the regularity of preparation of the records and the fact that they are relied upon in the transaction of business by those for whom they are kept.

<u>Hooker v. Commonwealth</u>, 14 Va. App. 454, 456, 418 S.E.2d 343, 344 (1992).

The fingerprint card, arrest sheet and photograph were properly admitted as business records exceptions to the hearsay rule. The evidence showed that when a person is arrested, he is fingerprinted and photographed, usually by the Sheriff's Department. The fingerprint cards and photographs are then transferred to and kept at the forensic unit. Detective Tweedie testified that the fingerprint card and photograph of Malcolm Terrell Bishop were maintained in the forensic unit. The forensic unit regularly relies on these records in order to

8

conduct its regular business of fingerprint analysis and records maintenance. Therefore, appellant's fingerprint card and photograph were properly admitted into evidence under the business records exception to the hearsay rule.

The evidence also showed that police officers prepare arrest sheets upon making an arrest. The arrestee's thumb print is included on the arrest sheet. Depending on the seriousness of the offense, all ten fingerprints may be taken after the arrest sheet is completed. Officer Wooten was present when appellant's arrest sheet was prepared and appellant's thumb print was taken. This arrest sheet was prepared and maintained in the ordinary course of police business and qualifies as a business record exception to the hearsay rule. The arrest sheet was properly admitted into evidence.

For these reasons, the trial court's judgment is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

To prove forgery under Code § 18.2-168, the Commonwealth must prove beyond a reasonable doubt that the defendant's signature was false and that he acted with the intent to defraud. See Reid v. Commonwealth, 16 Va. App. 468, 471, 431 S.E.2d 63, 65 (1993). Because the Commonwealth failed to prove that the signature "Richard Sanders" was false, I would reverse the conviction. Accordingly, I dissent.

## I.

The indictments charged that on May 15, 1995 the defendant forged three public records. The evidence at trial proved that on May 15, 1995, the defendant was stopped by Officer Wooten for traffic violations. When the defendant stated that he did not have a driver's license, Wooten asked defendant for his name, Social Security number, and date of birth. Wooten testified that the defendant "stated his name was Richard Saunders, date of birth January 2, 1973." The defendant said he did not know his Social Security number. Wooten asked the defendant how old he was, and defendant said he was 23. Wooten informed the defendant that based on the date of birth he had just given, the defendant should only be 22 years old. In response, the defendant said, "I'll tell you the truth, my name is Richard Sanders, my date of birth is 12/10/73." Wooten then informed the defendant that he was issuing summonses and warned the defendant that if he signed a false name on the summonses, the defendant would be charged

10

with forgery.  The defendant signed his name as "Richard Sanders" on three summonses.  Each summons charged a separate motor vehicle equipment violation.

After the defendant was arrested, Wooten took the defendant's fingerprints.  David S. Tweedie, a detective in the forensic unit, testified that the fingerprints the defendant gave in Wooten's presence were identical to other fingerprints listed under the name "Malcolm Terrell Bishop."  The fingerprints on the card with the name Bishop were taken on November 16, 1993. Tweedie testified that the same person gave both sets of fingerprints.

## II.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged."  In re Winship, 397 U.S. 358, 364 (1970).

> It is not sufficient to create a suspicion or probability of guilt, but the evidence must establish guilt of the accused beyond a reasonable doubt.  It must exclude every reasonable hypothesis except that of guilt.  The guilt of the party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.

Allen v. Commonwealth, 211 Va. 805, 808, 180 S.E.2d 513, 515 (1971).  "'[W]here a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that

11

interpretation which incriminates him.'"  Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted).

The evidence failed to prove the defendant's true identity beyond a reasonable doubt.  At most, the Commonwealth proved that the defendant has used in the past the name "Malcolm Terrell Bishop."  However, no evidence proved that the defendant's true name is not "Richard Sanders."

The fact that a fingerprint card matching the defendant's fingerprints contained the signature of "Malcolm Terrell Bishop" as the name of the person fingerprinted does not prove that the defendant's true identity is "Malcolm Terrell Bishop."  Indeed, Detective Tweedie testified as follows:

> [If] [a] person comes to us . . . for the first time as John Doe, he will be carried in the police department as John Doe forever. If he comes in subsequently with another name all of those names are added as alias[es], even if it's maintained somewhere along the way that one of those subsequent names is actually the given name.  We carry one name throughout as being the name of the person as they came through the first time.

Tweedie's testimony reveals that, regardless of the individual's true identity, the name the individual gives during his first arrest will be the name used to classify all of that individual's fingerprints.  Thus, the defendant's 1993 fingerprints established, at most, that the defendant told the police in 1993 that his name was "Malcolm Terrell Bishop."  That evidence did not establish that defendant's true identity is

12

"Malcolm Terrell Bishop."

Furthermore, the indictment in this case did not charge that the defendant signed his name as Bishop in 1993 and Sanders in 1995, and, thereby, did forge one of the two documents. By charging that the defendant forged a public document on May 15, 1995, the Commonwealth undertook to prove that the defendant's name was not "Richard Sanders." The proof failed. Indeed, the Commonwealth failed to exclude the reasonable hypothesis that the defendant's name is in fact "Richard Sanders."

The evidence in this case is much less probative than the evidence this Court found sufficient in Reid, 16 Va. App. at 471-72, 431 S.E.2d at 65. In Reid, the evidence proved that the accused had signed his name as Dexter Reid five times in the past. See id. at 471, 432 S.E.2d at 65. The evidence also showed that the defendant in Reid misspelled the name he orally gave to the police. See id. Unlike Reid, the evidence in this case proved that the defendant had signed "Malcolm Terrell Bishop" only once. In addition, although the officer testified that the defendant initially pronounced his name "Saunders," the defendant did not misspell "Sanders," the name the defendant later told the officers was his true name.

The indictment charged that the defendant forged public records on May 15, 1995. Thus, proof that "Richard Sanders" was a fictitious or assumed name was an essential element of the offense charged in this case. See Bullock v. Commonwealth, 205

13

Va. 558, 560-61, 138 S.E.2d 261, 263 (1967).  The evidence in the record was insufficient to prove beyond a reasonable doubt that essential element.

For these reasons, I would reverse the conviction. Accordingly, I dissent.