COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Senior Judge Cole


THEODORE LEE HALL

MEMORANDUM OPINION[*] BY
v.     Record No. 1265-99-2     JUDGE JERE M. H. WILLIS, JR.
APRIL 18, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

(Margaret Ann Englisby; Englisby & Englisby,
on brief), for appellant.  Appellant
submitting on brief.

(Mark L. Earley, Attorney General; Leah A.
Darron, Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


On appeal from his conviction of forging a public record,
in violation of Code § 18.2-168, Theodore Lee Hall contends that
the evidence was insufficient to support his conviction.[1]  He
argues (1) that the trial court erred in finding that a
confirmation of insurance document was a public record under
Code § 42.1-77 and (2) that the Commonwealth failed to prove he
had the requisite intent to defraud.  Finding no error, we
affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] Hall was also convicted of operating a motor vehicle after
having been declared an habitual offender, in violation of Code
§ 46.2-357.  That conviction is not at issue in this appeal.

## I.  Facts

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On the evening of April 4, 1998, Chesterfield County Police Officer Walter Judkins stopped a vehicle driven by Hall on suspicion that Hall was driving while under the influence of alcohol.  Because Hall had no identification, Officer Judkins attempted to ascertain his identity.  In response to Officer Judkins' inquiry, Hall stated that his name was "Teddy Leroy Hall, Jr.," that his birth date was July 1, 1942, that he was headed to an apartment complex where his passenger resided, and that he lived on Goolsby Avenue.  Teddy Leroy Hall, Jr., whose date of birth is July 1, 1942, and who lives on Goolsby Avenue, is Hall's half-brother.  The birth date and address are incorrect for Hall.

With this information, Officer Judkins ascertained that Teddy Leroy Hall, Jr., held a valid driver's license and that the vehicle was registered to Teddy Lane Journeyman.  Officer Judkins used this information to complete a DMV confirmation of

liability insurance form.  He explained to Hall that the form should be completed by his insurance company and mailed to the DMV.  Hall signed the document "Teddy Hall," a name that he frequently used.  Officer Judkins gave Hall the original of the form to have his insurance company complete and mail to the DMV, to verify that the vehicle was insured.  The form provides that failure to complete the form properly and timely would result in a suspension of driver's and vehicle licenses.

Officer Judkins kept a duplicate original of the form signed by Hall.  He testified that he did so for his file, so that he could follow up on the form's status, if necessary.

Officer Judkins then arrested Hall for driving while under the influence of alcohol.  Subsequently, Teddy Leroy Hall, Jr., contacted Officer Judkins, because he received documentation relating to Hall's DUI offense.  Teddy Leroy Hall, Jr., testified that Hall was the driver of the vehicle, that the two men were half-brothers, that the identifying information given by Hall to Officer Judkins was actually Teddy Leroy Hall, Jr.'s, identity, and that he had not given Hall permission to use his identity.

The trial court convicted Hall of forging a public document, in violation of Code § 18.2-168.

## II. Public Record

Code § 18.2-168 states that:

> If any person forge a public record, or
> certificate, return, or attestation, of any
> public officer or public employee, in
> relation to any matter wherein such
> certificate, return, or attestation may be
> received as legal proof, or utter, or
> attempt to employ as true, such forged
> record, certificate, return, or attestation,
> knowing the same to be forged, he shall be
> guilty of a Class 4 felony.

Id.

Hall contends that the DMV confirmation of insurance form

is not a public record.

> "'Public Records' means, but is not
> limited to, all written books, papers,
> letters, documents, photographs, tapes,
> microfiche, microfilm, photostats, sound
> recordings, maps, other documentary
> materials or information in any recording
> medium regardless of physical form or
> characteristics, including electronically
> recorded data, made or received in pursuance
> of law or in connection with the transaction
> of public business by any agency or employee
> of state government or its political
> subdivisions."

Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64

(1993) (citation omitted).

The DMV form was a public record.  It was completed in part

by Officer Judkins and was used by the police and the DMV, as

agents of the Commonwealth, to ascertain whether the vehicle was

properly insured as required by state law.  Officer Judkins kept

a duplicate original for a governmental and public purpose.  The

- 4 -

fact that Hall failed to have the form fully completed and returned to the DMV does not alter the form's character as a public record.  See Reid, 16 Va. App. at 471, 431 S.E.2d at 64-65 (fingerprint card completed by police and signed by appellant was a forged public document under Code § 18.2-168).

### III.  Intent to Defraud

Hall contends that the Commonwealth did not prove that he acted with the intent to defraud.  He argues that the misinformation was simply a misunderstanding, that he never supplied Officer Judkins with his half-brother's birth date, social security number, or address.  He argues further that he simply did not pay enough attention to the form and so did not correct the error.  Finally, he argues that the name he signed, "Teddy Hall," is a name that he frequently uses and by which he is commonly known.

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case."  Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).  Whether or not Hall supplied the erroneous information to Officer Judkins was a matter of credibility for the trial court.  The trial court believed that he did.  "[T]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is

presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Further, the trial court was not required to believe Hall's explanation as to why he did not correct the misinformation. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." <u>Marable v. Commonwealth</u>, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Hall argues that he is known as "Teddy" and that by signing the confirmation of liability insurance form, "Teddy Hall," he signed a name by which he is frequently and commonly known and thus provided no false information. However, this signature tied directly into the false identity given by him to Officer Judkins and was thus a ratification and statement of the false information on the form.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

- 6 -