COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


DEVAN ELISA KOCH

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 3078-05-4          JUDGE ROSEMARIE ANNUNZIATA
                                                 JANUARY 9, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                            Jeffrey W. Parker, Judge

         S. Jane Chittom, Appellate Defender (Catherine E. P. Haas, Assistant
         Appellate Defender; Virginia Indigent Defense Commission, on
         brief), for appellant.

         Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
         Attorney General, on brief), for appellee.


        A jury convicted Devan Elisa Koch (Koch) of forgery and uttering of a public record in

violation of Code § 18.2-168.  On appeal, Koch contends the evidence was insufficient to prove the

community service attendance sheet she was charged with altering was a public record within the

meaning of Code § 18.2-168.  Koch also contends the trial court erred in admitting into evidence a

document providing Koch with notice that the community service attendance sheet was a public

record.  Finding no error, we affirm Koch's convictions.

                                          FACTS

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

therefrom. See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

As a condition of Koch's probation following a conviction in Fauquier County General District Court, she was ordered to perform twenty-four hours of community service. Stephanie Adams, a probation officer employed by the Fauquier County Office of Adult Court Services, was assigned to supervise Koch in her probation.[1] As a part of her duties, Adams was responsible for reporting Koch's compliance with the conditions of her probation to the sentencing court.

Adams provided Koch with a community service attendance sheet for purposes of documenting Koch's performance of her community service hours. Adams explained to Koch that she would be assigned to various sites to perform her hours of service. The supervisor of each site was to sign the attendance sheet and record the date and hours Koch worked. Koch signed a notice acknowledging that she was not to write upon the attendance sheet. Adams testified that the attendance sheet could be used as evidence to prove to the court that a probationer had not completed the required hours of community service.

Commonwealth's Exhibit 3 was admitted as evidence of the written notice Koch received advising her that she was not to write on the community service attendance sheet. Koch had signed and dated the notice. The notice included the following statement:

> The community service log sheet is considered a public record.
> Forgery of the log sheet is a Class 4 felony which could result in a
> sentence of up to ten years imprisonment. Forgery of the log sheet
> will be prosecuted. You should not write on the log sheet under
> any circumstances.

---

[1] The trial court took judicial notice that Fauquier County was a political subdivision of the Commonwealth.

Referring to the excerpt noted above, the trial court provided the following instruction to the jury:

> The only reason this statement is being admitted along with the other statements is to show that the defendant was placed on notice as to this issue. That does not mean that, as a matter of law, that the court is instructing you that the community service log sheet is considered a public record. That, apparently, is at issue in this case.
>
> What that sentence simply states is what is contained here on this – on this overall Exhibit No. 3 itself and is a notice that was given to the defendant, along with all the other statements that were on this document, and it is not entitled to any more weight than any of the other statements on this document.

Adams referred Koch to Crockett Park to perform community service. Crockett Park was a recreational facility maintained by the Fauquier County Department of Parks and Recreation.

On August 30, 2004, Koch gave Adams a community service attendance sheet indicating she performed community service hours at Crockett Park on July 15, August 16, and August 22, 2004. The attendance sheet indicated Koch had worked sufficient hours to complete her required community service. However, Michael Hanson, the supervisor at Crockett Park, had no record showing that Koch worked at the park on the latter two dates. According to the attendance sheet Koch gave Adams, Erin Moore was the Crockett Park employee who signed the sheet to verify Koch's work hours on the three dates. However, Moore was not working at Crockett Park at the times Koch allegedly signed out on August 16 and 22. Furthermore, Moore testified that she did not sign Koch's attendance sheet on August 16 or 22.

FORGERY AND UTTERING OF A PUBLIC RECORD

Code § 18.2-168 provides:

> If any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or attempt to employ as true, such

forged record, certificate, return, or attestation, knowing the same
to be forged, he shall be guilty of a Class 4 felony.

Koch contends the evidence failed to prove that the community service attendance sheet was a public record for purposes of Code § 18.2-168. "In 1874, in its only opinion on the subject, the Virginia Supreme Court defined a public record as a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it." Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993) (citing Coleman v. Commonwealth, 66 Va. (25 Gratt.) 865, 881-82 (1874)). The General Assembly later expanded the definition of "public record" by statute. Code § 42.1-77 provides in pertinent part:

"Public record" . . . means recorded information that documents a transaction or activity by or with any public officer, agency or employee of an agency. Regardless of physical form or characteristic, the recorded information is a public record if it is produced, collected, received or retained in pursuance of law or in connection with the transaction of public business. The medium upon which such information is recorded has no bearing on the determination of whether the recording is a public record.

This Court has applied the statutory definition in cases involving forgery of a public record. See Hines v. Commonwealth, 39 Va. App. 752, 758, 576 S.E.2d 781, 784 (2003) (finding a criminal summons to be a public record); Reid, 16 Va. App. at 470, 431 S.E.2d at 64 (finding fingerprint card prepared by the police pursuant to statutory requirement to be a public record).

As a probation officer and employee of Fauquier County, Adams was a public officer or public employee. In the course of her duties, she provided Koch with the community service attendance sheet for purposes of documenting the completion of Koch's required hours of community service. Adams testified that a community service attendance sheet could be used to prove whether a probationer had performed the required community service ordered by the court. Koch was not permitted to make entries upon the attendance sheet herself. Yet, she falsified the

- 4 -

attendance sheet to indicate she had completed her required community service hours at Crockett Park. Koch gave the document to Adams as proof she had satisfied one of the conditions of her probation.

The evidence proved that the attendance sheet was a document containing information Adams collected pursuant to the duties required of her by Fauquier County. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that the attendance sheet was a public record for purposes of Code § 18.2-168 and that Koch was guilty of the charged offenses.[2]

ADMISSION OF COMMUNITY SERVICE ATTENDANCE SHEET

Koch contends the trial court erred in admitting Exhibit 3 because it included "a legal conclusion that a community service log is a public record." She contends that the admission of the notice relieved the Commonwealth from its burden of proving an essential element of the offense. We disagree with Koch's contentions for the reasons that follow.

> The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion. Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations.

Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988) (citations omitted).

Upon the admission of Exhibit 3, the trial court gave a cautionary instruction that the jury should not conclude the attendance sheet was a public record based upon the statement contained in the notice. Unless the record proves otherwise, "[j]uries are presumed to follow prompt cautionary instructions regarding the limitations placed upon evidence." Burley v. Commonwealth, 29 Va. App. 140, 147, 510 S.E.2d 265, 269 (1999). See also LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). The record contains no

---

[2] In light of this conclusion, we need not address the Commonwealth's alternative argument that the attendance sheet constituted an attestation of a public employee, as set forth in Code § 18.2-168.

- 5 -

evidence the jury failed to follow the trial court's cautionary instruction. Accordingly, we cannot say the trial court abused its discretion in admitting Exhibit 3.

## CONCLUSION

We find no error in the rulings of the trial court that Koch challenges on appeal. Accordingly, Koch's convictions are affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

The trial judge convicted Devan Elisa Koch on indictments that charged she forged and uttered a public record in violation of Code § 18.2-168. This statute provides the following:

> If any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or attempt to employ as true, such forged record, certificate, return, or attestation, knowing the same to be forged, he shall be guilty of a Class 4 felony.

The Virginia Public Record Act defines a public record as follows:

> "Public record" means recorded information that documents a transaction or activity by or with any public officer, agency or employee of an agency. Regardless of physical form or characteristic, the recorded information is a public record if it is produced, collected, received or retained in pursuance of law or in connection with the transaction of public business. The medium upon which such information is recorded has no bearing on the determination of whether the recording is a public record.

Code § 42.1-77. I would hold that the form used in this case does not satisfy this statutory definition, and, therefore, I would reverse the conviction.

I.

A judge convicted Koch of a misdemeanor and required her to perform twenty-four hours of community service as a condition of supervised probation. Koch's probation officer gave her a form styled "community service attendance sheet," which contained in column form a "log" for documenting her hours of community service. The probation officer testified:

> The purpose of the log sheet is to have the defendant take to the community service site to have the hours documented, at which point we use that document in the file as proof or evidence that the hours have been completed for us to communicate to the judge at the end of the probation that the hours have been done and verified.

Not every piece of paper prepared by a public employee or to be signed by a public employee is public record. A penal statute "cannot be extended by implication or construction,

- 7 -

or be made to embrace cases which are not within their letter and spirit." Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969).

The record clearly establishes that this form was not a public record. It was not "produced, collected, received or retained in pursuance of law." Code § 42.1-77. The form was not created, approved, or ordered by a court. The probation officer testified the form is not ordinarily submitted to the court that ordered the probation. Rather, the form is a handy means of documenting the probationer's service so that the probation officer might later inform the court whether a person has successfully performed community service. Thus, for example, when Koch did not perform her community service, the probation officer filed in the court that ordered the probation "a letter summarizing [Koch's] compliance with probation," but the probation officer did not file the form in the court. In short, the form was an internal document produced and used solely for the convenience of the probation officers to aid in monitoring the activities of persons performing community service. It was not a creature of law in any sense.

Likewise, the form was not produced or used in transaction of public business. The probation officer testified this form was not available for use or inspection by the public. Its sole purpose was to aid the probation officer in her duties of monitoring Koch's community service activity.

For these reasons, I would hold the evidence was insufficient to support the conviction.

II.

I would also hold the trial judge erred by admitting in evidence a notice the probation officer required Koch to sign.

During the direct examination by the prosecutor, the probation officer testified about instructions she gave Koch regarding "how she was to go about completing that community service." After the probation officer explained her instructions, the prosecutor offered into

evidence a written "notice" that the probation officer had required Koch to sign acknowledging those instructions. The notice also contained the following statements:

> The community service log sheet is considered a public record.
> Forgery of the log sheet is a Class 4 felony which could result in a
> sentence of up to ten years imprisonment. Forgery of the log sheet
> will be prosecuted. You should not write on the log sheet under
> any circumstances.

Koch's attorney objected, arguing that providing these statements, particularly the first sentence, to the jury in an exhibit prejudiced Koch by "stating a question of law as fact." The trial judge overruled the objection and denied the request to redact the statements from the notice.

This exhibit improperly informed the jury that the "log sheet is considered a public record." The essential facts necessary to prove a criminal offense are the "ultimate issues to be resolved by the jury." Llamera v. Commonwealth, 243 Va. 262, 265, 414 S.E.2d 597, 599 (1992). This statement of opinion on an exhibit was highly prejudicial because it stated as an undisputed fact the ultimate issue to be decided by the jury. See Webb v. Commonwealth, 204 Va. 24, 33, 129 S.E.2d 22, 33 (1963) (barring ultimate issue opinion by expert); Mitchell v. Commonwealth, 141 Va. 541, 565, 127 S.E. 368, 376 (1925) (barring ultimate issue opinion by non-expert). In essence, the statement in the exhibit, which was prepared by the probation office, told the jury the result it should reach. Thus, when the trial judge later instructed the jury at the conclusion of all the evidence about public records, this exhibit had the tendency to give the jury an opinion about a matter it was to decide. Similar to the general rule barring opinion testimony of a lay witness, the opinion expressed in this document was not competent evidence. See Bond v. Commonwealth, 226 Va. 534, 537-38, 311 S.E.2d 769, 771-72 (1984). I would hold that this unredacted exhibit, declaring the log a public record, was so prejudicial that the jury could not fairly consider the evidence and render a verdict.

The cautionary instruction was inadequate to negate this prejudice. Indeed, the instruction placed the judge's imprimatur upon the misuse of the exhibit by stating:

> Ladies and gentlemen, I just want to point out one fact to you here, or one thing to bear in mind when you review this Exhibit No. 3. It states that the community service log sheet is considered a public record. *The only reason this statement is being admitted* along with the other statements *is to show that the defendant was placed on notice as to this issue*. That does not mean that, as a matter of law, that the court is instructing you that the community service log sheet is considered a public record. That, apparently, is at issue in this case.
>
> What that sentence simply states is what is contained here on this -- on this overall Exhibit No. 3 itself and is a notice that was given to the defendant, along with all the other statements that were on this document, and *it is not entitled to any more weight than any of the other statements on this document*. All right?

(Emphasis added).

This instruction served to buttress the improper use of the exhibit. The instruction told the jury that Koch had reason to know the form was a public record and that the jury could consider it for this proposition. Under these circumstances, the exhibit and the instruction were so impressive as to remain with the jurors and to influence the verdict. See Kitze v. Commonwealth, 246 Va. 283, 288, 435 S.E.2d 583, 586 (1993). This exhibit and the cautionary instruction had the effect of improperly presenting to the jury this matter as statement of opinion on the ultimate issue to be decided by the jury.

III.

For these reasons, I would hold the trial judge erred in refusing to redact the statements from the exhibit. In any event, however, I would hold that the evidence was insufficient to support the convictions, and I would reverse the convictions.