Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

ALLFIRST TRUST COMPANY, N.A., et al.

v.    Record No. 032554

COUNTY OF LOUDOUN, et al.

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL
September 17, 2004

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
John E. Wetsel, Jr., Catherine C. Hammond, and
William L. Wellons, Judges

This is an appeal from the final order of a special three-judge annexation court dismissing a landowner-initiated annexation proceeding then pending before the Commission on Local Government (COLG). The sole question is whether the court correctly decided that the landowners' notice of intent to petition for annexation, filed with the COLG, failed to meet the statutory requirements for the initiation of such a proceeding.

BACKGROUND

In 1979, the General Assembly enacted a thorough reform of the statutory framework governing annexation proceedings, 1979 Acts, Ch. 85, now codified in Title 15.2, Chapters 29-39 of the Code, as amended. Code § 15.2-3203(A) provides, in pertinent part, that 51% of the "owners of real estate in number and land area in a designated area" of any territory adjacent to a city or town may petition the circuit court of the county for the

annexation of that territory to the city or town. This statute also requires that the petition set forth the metes and bounds of the territory sought to be annexed.

Code § 15.2-2907(A) provides, in pertinent part, that no annexation proceeding shall be initiated in any court until the petitioner shall have first given notice to the COLG of its intention to bring such an action and the COLG has held hearings, investigated the case, made findings of fact and issued its final report. The court hearing any subsequent annexation action must consider the report of the COLG but is not bound thereby.

Code § 15.2-3002 provides for the appointment by this Court of a panel of fifteen circuit judges for the purpose of hearing annexation and similar cases. Code § 15.2-3000 provides that this Court designate three judges from that panel to hear any annexation or other case filed in a circuit court arising under the provisions of Chapters 32-36 and 38-41 of Title 15.2 of the Code.

FACTS AND PROCEEDINGS

On July 6, 2001, Allfirst Trust Company, N.A. and D.C. Welsh, Trustees, along with three other parties (collectively, the Landowners), filed with the COLG a notice of their "intent to petition for annexation of unincorporated territory within Loudoun County, Virginia

2

into the Town of Leesburg." The notice contained copies of deeds to included parcels, with tax map references, but failed to include a metes and bounds description of the entire area sought to be annexed.

On December 26, 2002, prior to any hearings before the COLG, the County of Loudoun and its Board of Supervisors (collectively, the County), filed a motion for declaratory judgment in the circuit court, asserting that the Landowners' notice was fatally defective, seeking an adjudication that the COLG lacked jurisdiction of the case and praying for an injunction against any further proceedings until the matter could be decided by a special three-judge court. This Court designated three judges from the statutory panel as a special court to hear and decide the case. The special court set the case for hearing on June 11, 2003.

Before the hearing, on February 13, 2003, the Landowners filed a second "notice of intent" with the COLG, containing a metes and bounds description of the territory sought to be annexed, but otherwise substantially the same as the first. On June 6, 2003, the Landowners filed a third "notice of intent" with the COLG, deleting two parcels of land and eliminating one landowner, but otherwise substantially the same as the second.

3

The County argued before the special court that the lack of a metes and bounds description in the original notice was fatal and could not be remedied by subsequent amendment.  The County further pointed out that the territory sought to be annexed consisted of two non-contiguous tracts of land "divided by a multiplicity of parcels lying just south of the Leesburg Airport property and generally on the east and west sides of Sycolin Road."

The County contended that in the proposed annexation area west of Sycolin Road, four different landowners owned the ten parcels that constituted that area, but that only two of the four were petitioning for annexation, thus falling short of the statutory requirement that 51% of the "owners of real estate in number . . . in a designated area" may initiate an annexation proceeding. Code § 15.2-3203(A) (emphasis added).  As to the area east of Sycolin Road, the County pointed out that petitioning landowners owned only 42.8% of the total acreage in that area, while the County itself, which opposed the annexation, owned the remaining 57.2%.  Thus, the County argued, the petitioning Landowners failed to meet the statutory requirement that 51% of the "owners of real estate in . . . land area in a designated area" initiate an annexation proceeding.  Id. (emphasis added).

4

The Landowners, by responsive pleadings, asserted that they had recently filed a second "notice" with the COLG which contained a metes and bounds description, but that in any event the requirement for such a description applied only to annexation petitions filed in court, not to proceedings before the COLG. The Landowners further argued that there was no statutory requirement that a landowner's annexation proceeding be restricted to contiguous parcels of land and that if the tracts east and west of Sycolin Road were considered together as the "designated area," they had met the statutory 51% requirements as to both number and land area.

The parties submitted the case to the special court on stipulated facts and exhibits, supported by briefs and arguments of counsel. On June 11, 2003, the special court issued a letter opinion ruling that the Landowners' "initial filing did not substantially comply with the statutory requirement for a metes and bounds description, which defect could not be cured by subsequent filings" and that the Landowners had further failed to meet the "51% statutory requirements in each of the two separate areas proposed to be annexed." The court entered a final order dismissing the proceedings before the COLG and directing

5

the COLG "to terminate all review of the same."  We awarded the Landowners an appeal.

ANALYSIS

Annexation proceedings are typically complex, protracted and expensive to the governing bodies involved, imposing a heavy fiscal burden upon taxpayers.  The statutory revisions of 1979 addressed the problem in part by the creation of the COLG, an impartial expert body, to assist the courts.  Proceedings before the COLG, however, add an additional step to the process, which necessarily adds to its expense.  It is therefore imperative that a special court promptly resolve any attack on the jurisdiction of the COLG before such an expense is incurred "all for naught."  Bedford County v. City of Bedford, 243 Va. 330, 335, 414 S.E.2d 838, 841 (1992) (quoting King v. Hening, 203 Va. 582, 586, 125 S.E.2d 827, 830 (1962).

The County argued, and the special court agreed, that the requirement of a metes and bounds description is jurisdictional and was fixed at the time of the Landowners' initial COLG filing, and could not be cured by amendment or subsequent filings with the COLG, citing Code § 15.2-2908:

> An action or proceeding to which the Commission on Local Government has jurisdiction shall be deemed to have been instituted upon the initial notice to the Commission required by subsection A of § 15.2-2907.

6

The County further relies on City of Roanoke v. Roanoke County, 214 Va. 216, 198 S.E.2d 780 (1973) and City of Charlottesville v. Albemarle County, 214 Va. 365, 200 S.E.2d 551 (1973), where we held that the jurisdictional sufficiency of an annexation petition must be determined as it stood on the date of its initial filing in court.

Those cases, however, were decided before the statutory revisions of 1979, which provided for administrative proceedings before the COLG as a prerequisite to annexation actions in court. Although those cases continue to apply to judicial proceedings, the COLG is empowered by Code § 15.2-2903(1) "[t]o make regulations, including rules of procedure for the conducting of hearings." The rules adopted by the COLG pursuant to that authority are more permissive:

> Any party giving notice to the commission of a proposed action . . . may submit with such notice as much data, exhibits, documents, or other supporting materials as it deems appropriate; however, such submissions should be fully responsive to all relevant elements of the applicable section of Part IV (1 VAC 50-20-540 et seq.)

1 VAC § 50-20-190 (emphasis added).

Section 50-20-540 of Title 1 of the Virginia Administrative Code, referred to in the foregoing regulation, requires a city or town to file with its notice of proposed annexation a "written metes and bounds

7

description of the boundaries of the proposed city having, as a minimum, sufficient certainty to enable a layman to identify the proposed new boundary." Neither the statutes nor the COLG's regulations require that a landowner's initial notice to the COLG contain a metes and bounds description as a jurisdictional prerequisite.

The County correctly argues that it would be difficult, if not impossible, to ascertain whether the Landowners met the statutory 51% requirements in the absence of an adequate metes and bounds description, but the COLG can, and did in this case, provide a remedy for that problem under its rules. Section 50-20-450 of Title 1 of the Virginia Administrative Code permits an applicant, with permission of the COLG, to supplement its initial filing with additional materials. The COLG took no action in this case before the Landowners, having sought and obtained such permission, had filed a metes and bounds description.

We conclude that the special court erred in applying to proceedings before the COLG the rules concerning a metes and bounds description that would apply to an annexation petition filed in court. Nevertheless, because of the conclusion we reach with respect to the 51% requirements, the error was harmless.

The dispositive question before us is whether landowners may initiate an annexation proceeding under Code § 15.2-3203 by combining non-contiguous tracts of land, without meeting the statutory requirement that they constitute 51% of the owners of real estate "in number and land area" within each separate tract sought to be annexed. We conclude that they may not.

We held, in Norfolk County v. City of Portsmouth, 186 Va. 1032, 1049-50, 45 S.E.2d 136, 144 (1947) that where a city annexes non-contiguous tracts of suburban land, they all become a part of the newly-constituted city and their lack of contiguity is immaterial. We further observed, in that case, that the opposition of the majority of the residents of the area sought to be annexed was immaterial because the desirability of annexation was to be determined from the standpoint of the needs of the area for urban government, rather than the wishes of individual residents.

By contrast, the General Assembly has provided a very different design for annexation proceedings initiated by landowners. Code § 15.2-3203(A) allows such proceedings only where they are initiated by "fifty-one percent of the owners of real estate in number and land area in a designated area." This language is plain and unambiguous. Its obvious purpose is to ensure that the annexation is

9

favored by the majority of the landowners, in both numbers and acreage, in the area affected by it. An equally important purpose of the statutory language, as we construe it, is to ensure that a non-contiguous area, in which the majority may oppose the annexation, is not swept into it by the sheer force of numbers in the area in which it is favored. Significantly, Code § 15.2-3203(A) explicitly provides that in cases brought under it, "the special court shall not increase the area of the territory described in the petition," while the court, in a city-initiated proceeding, "may include a greater or smaller area than that described in the ordinance or petition." Code § 15.2-3211(1).

CONCLUSION

We conclude that where landowners seek to initiate annexation proceedings under Code § 15.2-3203 that include non-contiguous territories, they must constitute 51% of the "owners of real estate in number and land area" within each separate territory. That requirement is jurisdictional, and if it is not met, the COLG has no authority to proceed with the case. Because the special court correctly so ruled, we will affirm its final order.

<u>Affirmed.</u>

10