COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Humphreys, Beales and McCullough
Argued at Alexandria, Virginia


ANTWAIN MAURICE JONES

                                                             OPINION BY
v.        Record No. 0087-14-4                   JUDGE RANDOLPH A. BEALES
                                                             FEBRUARY 18, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

William H. Miller, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Antwain Maurice Jones (appellant) appeals his conviction for felony eluding in violation

of Code § 46.2-817(B).  Appellant contends that the trial court erred in denying his motion to

strike on the ground that "the evidence was that the defendant stopped upon receiving a visible

and audible signal from the police officer."  We hold that the trial court did not err when it

denied appellant's motion to strike the Commonwealth's evidence on the felony eluding charge,

and, accordingly, for the following reasons, we affirm appellant's conviction for felony eluding.

I.  BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth,

as we must since it was the prevailing party'" in the trial court.  Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).

In this case, Officer Stephen Smith of the Arlington Police Department testified that, on March 31, 2011, he and Corporal Trainer were driving in a marked police cruiser when Officer Smith noticed a vehicle that was driving behind him very slowly. It was later determined that appellant was the driver of the vehicle. In an effort to see if the vehicle would catch up with him, Officer Smith stopped fifteen feet before the stop line at a stoplight. The vehicle did not pass Officer Smith's cruiser and stayed behind the police cruiser and to the left. At that point, Officer Smith rolled down the driver's side window, stuck his head out, and asked appellant and the passenger if they needed any help or were lost. The occupants indicated that "they were good." The vehicle soon passed Officer Smith. Officer Smith continued behind the vehicle "to investigate a possible DUI."[1]

Eventually, Officer Smith initiated a traffic stop of the vehicle using his vehicle's emergency lights and sirens. In response to the emergency lights and sirens, the vehicle came to a stop in a parking lot of a 7-Eleven. Officer Smith approached the front driver's side, where appellant was seated, and Corporal Trainer approached the front passenger side of the vehicle, where the other occupant was sitting. At that point, Officer Smith asked appellant for his license and registration. Appellant did not respond at all. Officer Smith repeated his request. It appears from the record that appellant also did not respond to the second request. While asking appellant some basic questions, such as from where he was coming and to where he was headed, Officer Smith was able to detect an odor of alcohol on appellant's breath. Officer Smith then asked appellant to remove the keys from the ignition and hand them to Officer Smith. Appellant did not respond. Officer Smith repeated his request, at which point appellant removed the keys from the ignition and "just kept them in his hand."

---

[1] The basis for the traffic stop is not challenged on appeal.

Shortly after requesting the keys, Officer Smith heard the passenger say to appellant, "Just go." In an effort to prevent appellant from driving off, Officer Smith reached into the vehicle from the front driver's side to try to get the keys. Before Officer Smith could retrieve the keys, however, appellant began to drive the vehicle away from the scene. As appellant was driving away, *both Officer Smith and Corporal Trainer were partially inside the vehicle*. According to Officer Smith, the "top part of me was in the vehicle" as appellant drove out of the parking lot of the 7-Eleven. Officer Smith had been trying to prevent appellant from driving the vehicle away, but was unable to immediately extract himself from the vehicle once it started moving.

Meanwhile, Corporal Trainer also reacted once appellant started to drive out of the parking lot of the 7-Eleven. Just as appellant began to speed off, Corporal Trainer tried to open the front passenger door. After finding that the door was locked, Corporal Trainer reached into the vehicle in an attempt to unlock the door from the inside. Corporal Trainer explained that he was trying to extract the passenger from the vehicle so that the passenger would not run off with any potential evidence. With both arms in the vehicle, Corporal Trainer was trying to run alongside the vehicle. Corporal Trainer testified that when his arms were in the vehicle, the vehicle "went at a very high rate of speed . . . it made a lot of noise. A lot of unsafe maneuvers consistent with a high rate of speed." Corporal Trainer was able to keep up alongside the vehicle for ten to twenty feet before he "fell to the ground face first." He testified that he then "[s]lid across the pavement a little bit." Both officers were able to break free from the vehicle just as it sped out of the parking lot at a high rate of speed, went over a curb, "flew up in the air," and "went flying up South Wyethe Street." Throughout this encounter in the parking lot of the 7-Eleven, the emergency lights of the police cruiser remained on and the police cruiser remained angled behind the vehicle.

## II. ANALYSIS

Appellant's assignment of error essentially challenges the sufficiency of the evidence to support his felony eluding conviction. When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. To the extent that this appeal presents a question of statutory interpretation, this Court will review the statute *de novo*. See, e.g., Hamilton v. Commonwealth, 61 Va. App. 542, 548, 738 S.E.2d 525, 528 (2013) (citations omitted).

Code § 46.2-817(A), the misdemeanor eluding statute, provides, in relevant part, as follows:

> Any person who, having received a visible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal or who attempts to escape or elude such law-enforcement officer whether on foot, in the vehicle, or by any other means, is guilty of a Class 2 misdemeanor.

- 4 -

By contrast, Code § 46.2-817(B), the felony eluding statute, provides, in relevant part, as follows:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

In this case, to determine whether sufficient evidence supports appellant's felony eluding conviction, we need only look to Code § 46.2-817(B). Appellant contends that because he initially stopped by pulling the vehicle into the parking lot of the 7-Eleven, the fact that he "subsequently placed the keys in the ignition and sped away does not trigger Section 46.2-817(B)," since "[s]ection (B) prohibits escaping or eluding police officers *only* in disregard to a signal to stop a motor vehicle." Appellant's Br. at 5-6. He argues that his "post-stop behavior matches the specific language of misdemeanor eluding within Section 46.2-817(A)," id. at 6, because after stopping, he simply "attempt[ed] to escape or elude such law-enforcement officer." Code § 46.2-817(A). A stop followed by an "attempt[] to escape or elude such law-enforcement officer" does not necessarily render the behavior a misdemeanor under Code § 46.2-817(A), however. Eluding a police officer by driving a vehicle "in a willful and wanton disregard" of a signal to stop or eluding a police officer by "attempt[ing] to escape or elude such law-enforcement officer" by foot or by a vehicle constitutes a misdemeanor offense only if the disregard of the signal to stop does not "interfere with or endanger the operation of the law-enforcement vehicle or endanger a person." Code § 46.2-817(B). When the accused drives a "motor vehicle in a willful and wanton disregard of [a] signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person, [he or she] is guilty of a Class 6 felony." Code § 46.2-817(B). Thus, a difference between misdemeanor eluding and felony eluding is that the felony offense requires sufficient proof that the defendant's behavior

- 5 -

"interfere[d] with or endanger[ed] the operation of the law-enforcement vehicle" or "endanger[ed] a person . . . ." Code § 46.2-817(B).

Here, there is overwhelming evidence to support appellant's felony eluding conviction under Code § 46.2-817(B). Pursuant to the plain language of Code § 46.2-817(B),[2] the Commonwealth must prove the following elements beyond a reasonable doubt to support a felony eluding conviction: (1) the accused received a visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, (2) the accused drove the motor vehicle in a willful and wanton disregard of the visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, and (3) the accused drove the motor vehicle in a way that interfered with or endangered the operation of the law enforcement vehicle or in a way that endangered a person.

Turning to the first element of felony eluding, a rational trier of fact could find beyond a reasonable doubt that appellant received a visible signal from a law enforcement officer to bring his motor vehicle to a stop. Throughout the encounter with Officer Smith and Corporal Trainer, appellant received a number of visible and audible signals to stop. In order to initiate the traffic stop, Officer Smith and Corporal Trainer used their emergency lights and sirens. Corporal Trainer described those lights as follows:

> The lights on that vehicle were blue and white, and we also had a
> solid white take-down light, which is more of a light that
> illuminates the entire vehicle.

---

[2] Appellant argues on brief that, because Code § 46.2-817 is ambiguous, the rule of lenity should apply, and the statute must be interpreted in his favor. "[P]enal statutes must be strictly construed according to the rule of lenity and, if the language of the statute permits two '*reasonable* but contradictory constructions,' the statutory construction favorable to the accused should be applied." Blake v. Commonwealth, ___ Va. ___, ___, 764 S.E.2d 105, 110 (2014) (quoting Wesley v. Commonwealth, 190 Va. 268, 276, 56 S.E.2d 362, 365 (1949)). Because Code § 46.2-817 is not ambiguous – and is actually quite clear, the rule of lenity does not apply in this case.

The blue and white lights are strobe lights, and they obviously flash intermittently. The take-down light is in the center, and it illuminates with a brighter, white light. You know, a clear light. We also have the spotlight on the side and I believe [Officer Smith] used that as well.

The lights remained activated throughout the encounter in the parking lot of the 7-Eleven. Officer Smith asked appellant to remove the keys and hand them to him. Once appellant started to drive away from the parking lot of the 7-Eleven, Officer Smith and Corporal Trainer gave additional visible signals to stop. Officer Smith actually reached into the vehicle in an effort to retrieve the keys. As Officer Smith was attempting to retrieve the keys, Corporal Trainer was attempting to unlock the passenger door in an effort to extract the passenger from the vehicle. Furthermore, both officers were partially inside the vehicle as appellant was driving off, which is certainly a visible signal that they wanted appellant to stop. Thus, a rational trier of fact could undoubtedly find beyond a reasonable doubt that appellant received both visible and audible signals to bring the motor vehicle to a stop.

Regarding the second element of felony eluding, a rational trier of fact could find beyond a reasonable doubt that appellant drove the motor vehicle in a willful and wanton disregard of signals to stop. Appellant argues that, because he pulled over in the parking lot of the 7-Eleven in response to the initial signal to stop, he cannot be found guilty of felony eluding. This argument overlooks the evidence in the record that appellant certainly drove the motor vehicle in a willful and wanton disregard of *subsequent* signals to stop. Despite the fact that Officer Smith was reaching into the vehicle in an effort to retrieve the keys, despite the fact that Corporal Trainer was also reaching into the vehicle in an effort to unlock the front passenger door, and despite the fact that the emergency lights remained activated, appellant continued to drive the vehicle out of the parking lot of the 7-Eleven, over the curb, and down a street at a high rate of

speed. Thus, a rational trier of fact could find beyond a reasonable doubt that appellant drove the motor vehicle in a willful and wanton disregard of visible signals to stop.

Finally, a rational trier of fact could find beyond a reasonable doubt that appellant's driving the vehicle in a willful and wanton disregard of the signals to stop endangered at least the two officers in this case. The evidence establishes that, as appellant began to drive away from the parking lot of the 7-Eleven, both Officer Smith and Corporal Trainer were actually still partially *inside of the vehicle*. When Corporal Trainer was running alongside the vehicle with his arms inside of it, the vehicle was moving at a "very high rate of speed" and, according to Corporal Trainer, was making a number of "unsafe maneuvers." After running alongside the vehicle for ten to twenty feet, Corporal Trainer actually fell to the ground on his face and slid across the parking lot's pavement. Thus, a rational trier of fact could certainly find that appellant endangered the two police officers in this case.

III. CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed below, the trial court properly found appellant guilty of felony eluding. Accordingly, we affirm appellant's conviction for felony eluding under Code § 46.2-817(B).

Affirmed.