COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, McCullough and O'Brien
Argued at Fredericksburg, Virginia


EDGAR EDMUNDO MORENO

v.        Record No. 1216-14-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
AUGUST 11, 2015


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge Designate

J. Daniel Griffith (Westlake Legal Group, on brief), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Edgar Edmundo Moreno (appellant) appeals his conviction by a jury for uttering a forged

public record in violation of Code § 18.2-168.  Appellant argues that the circuit court erred in

finding that a purported accord and satisfaction agreement, which appellant presented as genuine

to the Loudoun County General District Court in an earlier matter, was a public record, as

defined by Code § 42.1-77 and as required for conviction under Code § 18.2-168.  We hold that

the circuit court did not err when it determined that the accord and satisfaction agreement was a

public record for purposes of Code § 18.2-168, and, accordingly, for the following reasons, we

affirm appellant's conviction.

I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth,

as we must since it was the prevailing party'" in the circuit court.  Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).

On April 3, 2012, appellant was involved in a physical altercation with his uncle, Felix Ramirez, at the home where Ramirez rented a room from appellant's mother. Ramirez called the police to the home, and Deputy Sean McCormack arrived and arrested appellant for misdemeanor assault and battery, in violation of Code § 18.2-57. The parties appeared for trial on May 8, 2012, but the trial was continued to allow Deputy McCormack to subpoena Ramirez, who had not appeared that day. Appellant later testified that, at this time, the general district court informed him that, if Ramirez wished for the case not to go forward, then Ramirez should prepare a letter to the court requesting that it not go forward.

Appellant arrived at the general district court on the next scheduled trial date, June 5, 2012, and gave to the prosecutor a letter that he alleged was written by Ramirez, who was again not present in court that day. The handwritten letter read as follows:

> May 27, 2012
>
> Re:    Accord and Satisfaction
>        GC12001662
>
> I, Felix O Ramirez am writing this letter as proof that I have accepted and [sic] amount of $100.00 dollars from my nephew edgar moreno [sic] as full satisfaction to our case GC12001662. I wish not to proceed.
>
> Thank you very much.
>
> [/S] Felix O Ramirez
> 5/27/2012

The Commonwealth's attorney gave the letter to Deputy McCormack to review and prepared an accord and satisfaction plea sheet. When appellant's case was called, appellant presented the letter and the plea sheet to the bailiff, who then handed them to the judge. The general district court then dismissed the case pursuant to the tendered accord and satisfaction, relying on Code § 19.2-151.

In November of 2012, Ramirez reached out to Deputy McCormack and asked about the status of the case. Deputy McCormack met with Ramirez, showed him the letter, and explained that the case had been dismissed pursuant to the accord and satisfaction. Ramirez, however, denied writing the letter or even having ever seen it. Ramirez also claimed to understand very little English. Given Ramirez's complete unfamiliarity with the letter and his inability to understand much of the English language, Deputy McCormack became suspicious that appellant – not Ramirez – had written the letter. Deputy McCormack subsequently arrested appellant, and appellant was indicted for, among other charges, uttering a forged public record under Code § 18.2-168.[1] The jury ultimately found appellant guilty of this charge.

## II. ANALYSIS

Appellant argues on appeal that the accord and satisfaction letter is not a "public record" under Code §§ 18.2-168 and 42.1-77. We review questions of statutory construction *de novo*, Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011), and defer to findings of fact by the jury, unless no rational finder of fact could have made that finding, Pease v. Commonwealth, 39 Va. App. 342, 354-55, 573 S.E.2d 272, 278 (2002) (en banc).

"'[U]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute.'" Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009) (quoting Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009)). "'When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that

---

[1] Appellant was also charged with forging and uttering a writing, check, or draft, in violation of Code § 18.2-172; obstruction of justice, in violation of Code § 18.2-460; and forging a public record, in violation of Code § 18.2-168. The Commonwealth dropped the two charges for forging and uttering a writing under Code § 18.2-172. Appellant was acquitted of the charge for forging a public record, and the circuit court granted appellant's motion to set aside the verdict on the obstruction of justice charge. Thus, out of appellant's original charges, only his charge for uttering a forged public record now stands as a guilty verdict.

the General Assembly did not mean what it actually has stated.'"  Id. (quoting Elliott, 277 Va. at 463, 675 S.E.2d at 182).  "Courts cannot 'add language to the statute the General Assembly has not seen fit to include.'"  Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006) (quoting Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)).  In addition, "whenever 'a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each.'"  Boynton v. Kilgore, 271 Va. 220, 229, 623 S.E.2d 922, 927 (2006) (quoting Ainslie v. Inman, 265 Va. 347, 353, 577 S.E.2d 246, 249 (2003)).

Code § 18.2-168 makes it a felony to "utter, or attempt to employ as true" a forged public record, knowing the record to be forged.  At common law, a public record was defined as "a written memorial made by a public officer authorized by law to perform that function, and intended to serve as evidence of something written, said or done."  Coleman v. Commonwealth, 66 Va. (25 Gratt.) 865, 881 (1874).  In Reid v. Commonwealth, 16 Va. App. 468, 431 S.E.2d 63 (1993), this Court observed that the General Assembly had broadened the Coleman definition of "public record" by enacting the Virginia Public Records Act.  Id. at 469-70, 431 S.E.2d at 64.  Thus, in the context of determining whether a person has committed the crime of forging or uttering a forged public record, the applicable definition is contained in Code § 42.1-77, part of the Virginia Public Records Act, which states as follows:

> "Public record" or "record" means recorded information that documents a transaction or activity by or with any public officer, agency or employee of an agency.  Regardless of physical form or characteristic, the recorded information is a public record if it is produced, collected, received or retained in pursuance of law or in connection with the transaction of public business.  The medium upon which such information is recorded has no bearing on the determination of whether the recording is a public record.

Appellant claims that each of the first two sentences of this definition constitutes a separate requirement, each of which must be met for a writing to be considered a "public

- 4 -

record." Assuming, without deciding, that appellant's proposed two-prong test is a correct reading of the statute, we find that the accord and satisfaction letter meets each requirement of this definition of "public record" and that it is therefore a public record.

A. "TRANSACTION OR ACTIVITY BY OR WITH ANY PUBLIC OFFICER, AGENCY OR EMPLOYEE OF AN AGENCY"

Appellant first argues that the accord and satisfaction letter here does not fit within this definition of a "public record" because it did not document a transaction *by or with* a governmental actor. Instead, he claims that the letter purports to document a purely private transaction between two individuals – himself and Ramirez. Appellant cites to other cases in which "the contents or structure of the documents themselves were created or provided by a public official at the time of the creation of the document." Appellant's Br. at 9. For example, in Reid, the Court found that a fingerprint card, which police were required by statute to prepare and submit to a records exchange, was a public record. Reid, 16 Va. App. at 470, 431 S.E.2d at 64. Similarly, appellant also notes that this Court has stated that a traffic summons prepared by a police officer and signed by a person charged with an infraction was a public record. Hines v. Commonwealth, 39 Va. App. 752, 758, 576 S.E.2d 781, 784 (2003).

The case cited by appellant that is closest to the facts of this case is this Court's unpublished opinion in Koch v. Commonwealth, Record No. 3078-05-4, 2007 Va. App. LEXIS 3 (Va. Ct. App. Jan. 9, 2007). In Koch, the defendant forged a community service attendance sheet that her probation officer gave to her and that was to be completed by the supervisor of her community service sites. Id. at *3. This Court found that the attendance sheet was a public record because a public officer (the probation officer) provided it to the defendant in the course of that officer's duties. Id. at *7. The Court also noted that the attendance sheet could be used to prove whether the defendant had complied with the terms of her probation. Id. Appellant argues that the facts of this case fall short of these earlier cases because here a public officer did not

- 5 -

initially prepare the accord and satisfaction letter – and because the information in the letter was not gathered pursuant to an express legal duty or order from the general district court.

These cases, however, do not require that these factors exist in order for a document to be considered a public record. Under a plain reading of Code § 42.1-77, the accord and satisfaction letter here clearly meets the requirement of documenting a transaction with a public officer or agency. As appellant conceded at trial, the general district court had instructed him to have Ramirez prepare the accord and satisfaction letter if Ramirez wanted appellant's assault and battery charge dismissed. This writing is also required by Code § 19.2-151, discussed in greater detail, *infra*, for a case to be dismissed due to accord and satisfaction. It is therefore clear that the letter was actually written at the general district court's invitation although no express invitation was needed in order for appellant to file it with the court. In addition, the letter does not reflect a purely private transaction between appellant and Ramirez. The letter specifically states that the payment of $100 was made in satisfaction of appellant's criminal case (going so far as to include the case number) and states that the writer "wish[es] not to proceed." This indicates that the writer specifically sought to affect the outcome of appellant's criminal case. Ramirez, by himself, was not able to have the charges dropped. This action could only be taken by the prosecutor and the court. Therefore, the prosecutor and the court were necessary parties to the transaction because, without their involvement, the letter would not have any legal effect.

B. "IN PURSUANCE OF LAW"

Appellant also argues that the accord and satisfaction letter is not a public record because it was not received "in pursuance of law." The letter that appellant submitted to the general district court for his assault and battery charge was purported to be an accord and satisfaction pursuant to Code § 19.2-151, which provides that,

> When a person is in jail or under a recognizance to answer a
> charge of assault and battery or other misdemeanor, or has been

- 6 -

> indicted for an assault and battery or other misdemeanor for which there is a remedy by civil action . . . *if the person injured appears before the court* which made the commitment or took the recognizance, or before the court in which the indictment is pending, and *acknowledges in writing* that he has received satisfaction for the injury, the court may, in its discretion, by an order, supersede the commitment, discharge the recognizance, or dismiss the prosecution [upon payment of costs by the defendant].

(Emphasis added). Appellant contends that a court does not have discretion to dismiss the prosecution of a charge under this statute until the victim has appeared before the court and the accord and satisfaction is acknowledged in writing. Here, neither party disputes that Ramirez did not appear before the general district court in appellant's assault and battery case. Appellant further notes that "acknowledgement" is defined in Code § 47.1-2 as:

> [A] notarial act in which an individual at a single time and place (i) appears in person before the notary and presents a document; (ii) is personally known to the notary or identified by the notary through satisfactory evidence of identity; and (iii) indicates to the notary that the signature on the document was voluntarily affixed by the individual for the purposes stated within the document . . . .

Here, appellant notes, the letter was never notarized. Because these two requirements of Code § 19.2-151 – personal appearance by the victim and acknowledgement by him – were not met, appellant argues that the letter was not received in pursuance of law, and thus was not a public record.

This argument is not persuasive, however. As an initial matter, this Court will not "notice error which has been invited by the party seeking to take advantage thereof on appeal," Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970), nor will we permit a party to approbate and reprobate, Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999). In this case, appellant clearly sought for the general district court to accept the forged letter, even though the requirements of Code § 19.2-151 were not met, as the court's acceptance of the letter would lead to dismissal of his assault and battery charge. In addition, the

requirements of Code § 19.2-151 – that the victim appear in person and that the accord and satisfaction be acknowledged – seem designed to protect the courts against the very type of fraud committed by appellant. Appellant essentially asks us to vacate his conviction for the felony of uttering a forged public record because his uttering of the forged document to the general district court was successful, and had not been prevented by the safeguards of Code § 19.2-151. In short, appellant wants the accord and satisfaction document at issue to be accepted by the court when it helps him get a charge dismissed – but to be rejected by the court when its fraudulent use would result in his conviction for uttering a forged public record. The very essence of the longtime rule against approbating and reprobating is that appellant cannot have it both ways – and cannot invite error and then try to take advantage of it later on appeal.

Regardless of whether appellant approbated and reprobated, these facts still do not bring the accord and satisfaction letter here outside of Code § 42.1-77's definition of a public record. First, appellant's proposed reading of the phrase "in pursuance of law" is too narrow. When this sentence of the statute is read as a whole and in conjunction with the statute's first sentence (requiring that the information document a transaction by or with a public officer or agency), it appears that the phrase "in pursuance of law" is included in the statute to explain that the statute's scope extends to those records that are "produced, collected, received or retained" by public officers, employees, and agencies in furtherance of their statutory duties.

Second, and most importantly, public records are not limited to those received "in pursuance of law." Instead, Code § 42.1-77 states that public records include documents received "in pursuance of law *or in connection with the transaction of public business*." (Emphasis added). This requirement in the statute is phrased in the disjunctive, and so we need not even reach the question of whether the letter was received "in pursuance of law" if it was received "in connection with the transaction of public business." Here, the general district court

received and retained the accord and satisfaction letter in connection with its function of administering its case docket and deciding how to handle a charge before the court – something that plainly qualifies as "public business." The accord and satisfaction letter, therefore, clearly meets this part of the definition of a "public record."

## III. CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, we hold that the circuit court did not err when it found that the accord and satisfaction letter presented by appellant to the general district court fell within the statutory definition of a "public record." Given that the jury also decided that the document was forged and that appellant knew it to be a forgery, we affirm appellant's conviction for uttering a forged public record in violation of Code § 18.2-168.

Affirmed.