COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, Russell and AtLee
Argued at Richmond, Virginia


KIMBERLY M. SHARP

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1641-14-2              JUDGE RICHARD Y. ATLEE, JR.
                                            NOVEMBER 24, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
James A. Luke, Judge Designate

Todd M. Ritter (Daniels, Williams, Tuck & Ritter, on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


The Chesterfield County Circuit Court convicted Kimberly M. Sharp ("Sharp") of failing

to return leased property, in violation of Code § 18.2-118.  She now argues that (1) the

agreement she signed was not subject to the statute because it was a lease-purchase agreement,

and (2) the evidence was insufficient to establish that she possessed an intent to defraud.  We

disagree and affirm her conviction.

I. BACKGROUND

We review the facts in the light most favorable to the Commonwealth.  See, e.g., Blake v.

Commonwealth, 288 Va. 375, 381, 764 S.E.2d 105, 107 (2014).  In April 2013, Sharp entered a

Value City store ("the store"), executed a document entitled "lease-purchase agreement" ("the

agreement"), paid the store $379.30, and took possession of the furniture that was the subject of

the agreement.  The furniture was valued at $1,787.44, and the agreement outlined how Sharp

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

could acquire ownership after making payments for thirty-six months.[1] The agreement explained that Sharp was required to return the property upon her failure to make the required payments. Aside from her initial payment of $379.30, Sharp made no other payments required by the agreement. At the time of trial, a year had passed since Sharp's lone payment. The store sent Sharp the notice required by Code § 18.2-118(B), and tried repeatedly to contact her. Sharp never paid what she owed, and never returned the property.

At trial, Sharp testified that she had personal troubles during the lease period, including the death of her father, employment difficulties, and health problems. She testified that these troubles prevented her from complying with the agreement, but that she did not intend to defraud the store. The trial court disagreed, found Sharp guilty of the felony, and sentenced her to five years in prison, with all that time suspended.

## II. ANALYSIS

Sharp first contends that the trial court erred by convicting her of violating Code § 18.2-118, because that section applies to "written lease[s]," and the agreement she signed was a lease-purchase agreement. This distinction, according to Sharp, means that her conduct did not fall "plainly and unmistakably within the statute." Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985) (quoting United States v. Lacher, 134 U.S. 624, 628 (1890)).

---

[1] There were additional provisions concerning early termination of the agreement, but these are irrelevant for purposes of this appeal.

At the time of Sharp's offenses,[2] Code § 18.2-118(A) stated:

> Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, except property described in [Code] § 18.2-117, and such person so in possession or control shall, with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for his own use, or fraudulently remove the same from the Commonwealth without the written consent of the lessor thereof, or fail to return such property to the lessor thereof within 30 days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.

We review questions of statutory interpretation *de novo*. Barden v. Commonwealth, 64 Va. App. 700, 706, 771 S.E.2d 699, 702 (2015). When construing a penal statute, "a court must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope." Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007). "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." Fountain v. Commonwealth, 64 Va. App. 51, 59, 764 S.E.2d 293, 297 (2014) (quoting Lee Cty. v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Additionally, Code

---

[2] Code § 18.2-118(A) was subsequently amended to state, in part:

> Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, except property described in [Code] § 18.2-117 *or in the Virginia Lease-Purchase Agreement Act ([Code] § 59.1-207.17 et seq.)*, and such person so in possession or control shall, with intent to defraud . . . fail to return such property to the lessor thereof within 30 days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.

(Emphasis added). Sharp does not contend that the current version of Code § 18.2-118 applies retroactively to her case. See, e.g., Washington v. Commonwealth, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975) (stating that "statutes are prospective in the absence of an express provision by the legislature"). Accordingly, our analysis only concerns the version of Code § 18.2-118 in effect at the time Sharp signed the agreement.

§ 18.2-118, like all penal statutes, must be "strictly construe[d] . . . and [its application] limit[ed] . . . to cases falling clearly within [it]." Farrakhan v. Commonwealth, 273 Va. 177, 181, 639 S.E.2d 227, 230 (2007).

Although "written lease" is undefined in Code § 18.2-118, the phrase has a clear and unambiguous meaning. A lease is "[a] contract by which the rightful possessor of personal property conveys the right to use that property in exchange for consideration." Lease, Black's Law Dictionary (10th ed. 2014). The written agreement at issue here falls within this definition of a lease.[3] Under the agreement, the rightful owner of the personal property (the store) conveyed to Sharp the right to use the leased property (the furniture) in exchange for consideration (a down payment plus monthly payments).

Without using the term, Sharp urges us to apply the doctrine of lenity. Lenity is a rule of statutory construction requiring that a court resolve ambiguities in penal statutes in a defendant's favor. See Jones v. Commonwealth, 64 Va. App. 361, 367 n.2, 768 S.E.2d 270, 273 n.2 (2015). Before we invoke lenity, however, there must be some ambiguity in the statute to resolve. Barring statutory ambiguity, we are "bound by the plain meaning of unambiguous statutory language and 'may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006) (quoting Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003)). Because we find no ambiguity to resolve within Code § 18.2-118, lenity has no place in our analysis.

---

[3] Contrary to Sharp's assertion, this conclusion is not undermined because the agreement "permits the consumer to become the owner of the property." The store maintained a property interest in the furniture, although Sharp had actual possession of the property. A lease-purchase agreement is "a lease of property . . . by which ownership of the property is transferred to the lessee at the end of the lease term." Lease Purchase Agreement, Black's, supra.

Sharp points to the 2014 amendments to Code § 18.2-118 as evidence that this section has never applied to lease-purchase agreements. See supra note 2 (addressing the changes made to the statute). Sharp argues that, because lease-purchase agreements were ultimately exempted from Code § 18.2-118, albeit too late to apply specifically to Sharp, this demonstrates the legislature's unstated intention all along. Essentially, she argues that the amendment clarified existing law. We disagree.

"Legislative amendments are presumed as intended to effect a *change* in the law." Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990) (emphasis added). It is true that such presumption "may be rebutted by evidence that the legislative amendment was intended to interpret or clarify the original act." Commonwealth ex rel. State Water Control Bd. v. Appalachian Power Co., 9 Va. App. 254, 265, 386 S.E.2d 633, 639 (1989) (Koontz, J., dissenting) (citing 1A Sutherland Statutory Construction § 22.30, at 266 (C. Sands 4th ed. 1985)). But because Sharp presented no such evidence, the presumption remains unrebutted. Therefore we find that the 2014 amendment effected a change, not a clarification, to the scope of Code § 18.2-118.

Sharp next contends that her conviction was erroneous because the evidence was insufficient to establish that she intended to defraud the store. When this Court reviews the sufficiency of evidence on appeal, we "will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009). "Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." Collins v. Commonwealth, 65 Va. App. 37, 48-49, 773 S.E.2d 618, 624 (2015) (quoting Lawlor v. Commonwealth, 285 Va. 187, 223-24, 738 S.E.2d 847, 868 (2013)). An appellate court "review[s] [the] facts in the light most favorable to the Commonwealth,

drawing all reasonable inferences in the Commonwealth's favor as the prevailing party at trial." Pruitt v. Commonwealth, 274 Va. 382, 384, 650 S.E.2d 684, 684 (2007). In reviewing the sufficiency of the evidence, the Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)). Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

"A person acts with fraudulent intent when that person acts 'with an evil intent, or with the specific intent to deceive or trick.'" Reed v. Commonwealth, 62 Va. App. 270, 280, 746 S.E.2d 81, 85 (2013) (quoting Burrell v. Commonwealth, 50 Va. App. 72, 86, 646 S.E.2d 35, 42 (2007)). "Intent may be, and most often is, proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts." Viney v. Commonwealth, 269 Va. 296, 301, 609 S.E.2d 26, 29 (2005). Whether a defendant acted with fraudulent intent is a question of fact. See Bottoms v. Commonwealth, 281 Va. 23, 35, 704 S.E.2d 406, 413 (2011).

"The Commonwealth always has the burden of proving the culpable state of mind, 'and this burden never shifts.'" Reed, 62 Va. App. at 280, 746 S.E.2d at 85 (quoting Walshaw v. Commonwealth, 44 Va. App. 103, 118, 603 S.E.2d 633, 640 (2004) (emphasis omitted)). But

> the Due Process Clause does not prohibit the use of a permissive inference as a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt.

Id. at 280, 746 S.E.2d at 85-86 (quoting Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571 (2000)). Consistent with these principles, at the time of Sharp's conviction, Code § 18.2-118(B) stated:

The fact that such person . . . fails to return such property to the lessor thereof within 30 days after the giving of written notice to such person that the lease or rental period for such property has expired, shall be prima facie evidence of intent to defraud. For purposes of this section, notice mailed by certified mail and addressed to such person at the address of the lessee stated in the lease, shall be sufficient giving of written notice under this section.

Here, Sharp does not contest that the Commonwealth's evidence established the permissive inference of intent to defraud afforded under Code § 18.2-118(B), based on her failure to return the property within thirty days of receiving a certified letter from the store. Rather, Sharp contends that the trial court erred in finding the evidence sufficient to prove she acted with fraudulent intent because, "[a]side from Sharp's failure to timely return the property after receipt of written notice that the lease period had expired, none of the circumstances supported the conclusion that Sharp acted" with such intent.

During her trial, Sharp testified that her father died shortly after she executed the agreement. Distressed at her father's unexpected death, Sharp took extended leave from her job. During her absence from work, Sharp was first paid at a reduced level, and later, not at all. Sharp testified that she fell behind on her mortgage, utilities, and automobile loan. She subsequently experienced medical problems that required multiple surgeries. Although she acknowledged her unpaid debt to the store, Sharp testified that she "did not intend to create any problems for anyone and not pay for it." On cross-examination, Sharp conceded that the store had contacted her regarding her failure to make the monthly payments required under the agreement. Sharp also testified that she told the store that she would either make the required payments or return the furniture. She admitted that she did neither.

As the trial court noted, Sharp was clearly aware of her obligations under the agreement. Aware of her obligations under the agreement, and despite her promises to the contrary, Sharp made no effort to pay for the furniture or to return it to the store. A rational trier of fact could

- 7 -

conclude that, notwithstanding the explanations Sharp offered at trial, she failed to rebut the statutory permissive inference of intent to defraud.

### III. CONCLUSION

The lease-purchase agreement Sharp signed constituted a lease under Code § 18.2-118. As such, withholding personal property in violation of the terms of that agreement violated the statute. The trial court was not plainly wrong to find that Sharp possessed the requisite fraudulent intent to withhold the property.

<u>Affirmed.</u>