COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


JENNIFER JO BROADOUS

                                                    OPINION BY
v.        Record No. 0169-16-1            JUDGE ROBERT J. HUMPHREYS
                                              FEBRUARY 7, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Erik A. Mussoni, Assistant Public Defender, for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jennifer Jo Broadous ("Broadous") appeals the January 13, 2016 decision of the Circuit

Court of the City of Chesapeake (the "circuit court") convicting her of one count of possession of

Schedule I/II controlled substance, in violation of Code § 18.2-250. Broadous' single

assignment of error is that the circuit court erred by denying her motion to apply the affirmative

defense afforded by Code § 18.2-251.03.

I. Background

On September 1, 2015, a grand jury of the City of Chesapeake issued an indictment

against Broadous stating that "on or about April 3, 2015 [Broadous] did knowingly and

intentionally possess a controlled substance listed in Schedule I or Schedule II of the Drug

Control Act, namely: Fentanyl, in violation of [Code] § 18.2-250." On September 17, 2015,

Broadous pleaded not guilty and requested a bench trial. The facts were stipulated before the circuit court.[1]

On April 3, 2015, Broadous and her boyfriend, William Green ("Green"), were in a motel room in Chesapeake, Virginia. Green called 911 for assistance because Broadous was unconscious and non-responsive after injecting herself with Fentanyl, a Schedule II narcotic.[2]

An emergency medical team responded to the motel room and revived Broadous. Once conscious, Broadous identified herself to the emergency personnel and remained at the scene until she was transported to the hospital. She made the following statements to law enforcement officers: 1) she admitted to have recently used the syringe found on a sink, that she used what she believed to be two caps of heroin, and admitted to owning a "drug kit" found in the motel room; 2) she was unsure if any other drugs were in the motel room; 3) she consented to a search of the motel room and; 4) when asked where she received the drugs she responded that she did not recall.

On September 17, 2015, Broadous made a motion before the circuit court to apply the affirmative defense provided in Code § 18.2-251.03 for those who "seek or obtain" emergency medical treatment for a drug overdose. The circuit court took Broadous' motion under advisement. On September 29, 2015, the circuit court denied Broadous' motion and ruled that she was not entitled to rely on the statutory affirmative defense provided in Code § 18.2-251.03 because the statutory language was not ambiguous and did not apply to her because she neither sought nor obtained medical treatment on her own behalf. Citing Boynton v. Kilgore, 271 Va.

---

[1] After adding one additional fact in open court, the Commonwealth agreed that the "Background" section of Broadous' brief given to the circuit court in support of the application of the affirmative defense provided in Code § 18.2-251.03 was an accurate stipulation of facts.

[2] One syringe containing red liquid and one spoon with used cotton and residue were sent to the Department of Forensic Science for analysis. The syringe was not tested; however, the spoon tested positive for Fentanyl, a Schedule II narcotic.

220, 227, 623 S.E.2d 922, 925-26 (2006), the circuit court stated that there was "no need to look beyond the plain meaning of the words employed by the legislature." Additionally, the circuit court rejected Broadous' argument that she obtained emergency medical treatment by agreeing to be transported once she was revived.

On January 13, 2016, Broadous was sentenced to five years' imprisonment with four years' and six months suspended.

## II. Analysis

### A. Standard of Review

This appeal presents a question of statutory interpretation which this Court reviews *de novo*. Jones v. Commonwealth, 64 Va. App. 361, 366, 768 S.E.2d 270, 272 (2015). "While we view the facts in the light most favorable to the prevailing party below, in this instance, the Commonwealth, we will nonetheless review de novo the scope and application of the statute under which the defendant was convicted." Blake v. Commonwealth, 288 Va. 375, 381, 764 S.E.2d 105, 107 (2014) (citations omitted).

### B. Code § 18.2-251.03 is not Ambiguous

Code § 18.2-251.03 became effective July 1, 2015. As such, it has not previously been interpreted and is a matter of first impression in the Commonwealth. Pursuant to Code § 18.2-251.03(B),

> [i]t shall be an affirmative defense to prosecution of an individual for the . . . possession of a controlled substance pursuant to § 18.2-250 . . . if:
>
> 1. *Such individual*, in good faith, *seeks or obtains emergency medical attention for himself*, if he is experiencing an overdose, *or for another individual*, if such other individual is experiencing an overdose, by contemporaneously reporting such overdose . . . ;
>
> 2. Such individual remains at the scene of the overdose or at any alternative location to which he or the person requiring emergency

- 3 -

medical attention has been transported until a law-enforcement officer responds to the report of an overdose . . . ;

3. Such individual identifies himself to the law-enforcement officer who responds to the report of the overdose;

4. If requested by a law-enforcement officer, such individual substantially cooperates in any investigation of any criminal offense reasonably related to the controlled substance . . . that resulted in the overdose; and

5. The evidence for the prosecution of an offense enumerated in this subsection was obtained as a result of the individual seeking or obtaining emergency medical attention.

(Emphasis added.)

"When construing a statute, our primary objective is to ascertain and give effect to legislative intent, as expressed by the language used in the statute." Blake, 288 Va. at 381, 764 S.E.2d at 107 (quoting Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012)). Therefore, under basic rules of statutory construction, we consider the language of Code § 18.2-251.03 to determine the General Assembly's intent from the words contained in the statute. Woods v. Mendez, 265 Va. 68, 74, 574 S.E.2d 263, 266 (2003). The General Assembly's "intent is usually self-evident from the words used in the statute." Boynton, 271 Va. at 227, 663 S.E.2d at 925-26. "To best ascertain that intent, '[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" Blake, 288 Va. at 381, 764 S.E.2d at 107 (quoting Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011)). In order "[t]o determine whether language is ambiguous, we must consider whether the text can be understood in more than one way or refers to two or more things simultaneously or whether the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness." Karr v. Va. Dep't of Envtl. Quality, 66 Va. App. 507, 522-23, 789 S.E.2d 121, 129 (2016) (quoting Blake, 288 Va. at 381, 764 S.E.2d at 107). Finally, appellate courts read the

- 4 -

statute "in its entirety, rather than by isolating particular words or phrases." Shelor Motor Co. v. Miller, 261 Va. 473, 479, 544 S.E.2d 345, 348 (2001).

Read in its entirety, Code § 18.2-251.03 provides an affirmative defense to prosecution of an individual for the unlawful possession of a controlled substance if that individual satisfies each of the following six requirements:

1) seeks or obtains emergency medical attention for himself, if he is experiencing an overdose, or for another individual, if such other individual is experiencing an overdose;[3]

2) contemporaneously reports such overdose;

3) remains at the scene until a law-enforcement officer responds;

4) identifies himself to the responding law-enforcement officer;

5) if requested by a law-enforcement officer, the individual substantially cooperates in any investigation of any criminal offense reasonably related to the controlled substance that resulted in the overdose; and

6) the evidence for the individual prosecution was obtained because the individual sought or obtained emergency medical attention.

The contention in this appeal solely revolves around the interpretation of the phrase "seeks or obtains" contained within Code § 18.2-251.03(B)(1). On brief, Broadous concedes that she did not "seek" emergency medical attention. Instead, her sole contention is that the phrase "seeks or obtains" is disjunctive, thus she is included in the class of protected individuals for the affirmative defense because she was an individual that "obtained" emergency medical attention for an overdose.

---

[3] Code § 18.2-251.03(A) defines overdose as "a life-threatening condition resulting from the consumption or use of a controlled substance, alcohol, or any combination of such substances."

Broadous argues that the word "obtains" should not be interpreted to require a volitional act. Rather, Broadous argues that the word "obtains" simply means "to get possession of something." Thus, under Broadous' approach, because an individual need not be active or conscious to obtain medical treatment or services, any person who receives treatment either because the emergency responders discovered the individual first or because another individual has sought treatment on their behalf, would have an affirmative defense to successful prosecution provided by Code § 18.2-251.03. Therefore, Broadous reasons that because she "obtained" medical treatment when she received it, she has a complete defense to conviction for possession of a controlled substance.

In examining the statute as a whole, we disagree with this interpretation and hold that the term "obtains" is unambiguous because the text of Code § 18.2-251.03 cannot be understood in more than one way. In context, it is clear that "obtains" does not refer to two or more things simultaneously. Moreover, the language is not difficult to comprehend, of doubtful import, or lacking clarity, thus we are bound by its plain meaning. See Blake, 288 Va. at 381, 764 S.E.2d at 107.

The context in which they are used in Code § 18.2-251.03 makes it clear that the words "seek" and "obtain" are active verbs that require more than passive receipt of emergency medical attention. A common dictionary definition of the word "obtain" is "to gain or attain possession or disposal of usually by some planned action or method." Webster's Third New International Dictionary 1559 (1993).[4]

---

[4] Our Supreme Court has previously defined the word "seek" as "to go in search of: look for: search for: . . . to try to acquire or gain: aim at: . . . to make an attempt." Charlottesville v. Cty. of Albemarle, 214 Va. 365, 367, 200 S.E.2d 551, 553 (1973) (superseded by statute on other grounds as recognized in Allfirst Trust Co., N.A. v. County of Loudoun, 268 Va. 428, 434, 601 S.E.2d 612, 615 (2004)).

The clear purpose of the statute is to provide what amounts to a "safe harbor" from prosecution to encourage the provision of prompt emergency medical treatment to those who have suffered an overdose as a result of ingesting a controlled substance. The General Assembly has obviously made a policy determination that encouraging others, who may themselves be guilty of violating the laws involving controlled substances, to call 911 in an effort to save a life is more important than their prosecution. We therefore hold that pursuant to the plain meaning of the phrase "obtains emergency medical attention for himself," Broadous was required to have actively planned and taken steps to actually gain medical treatment. Simply benefiting from such treatment while unconscious is not sufficient to bring her within the ambit of the affirmative defense provided by Code § 18.2-251.03. Therefore, we hold that the intent of Code § 18.2-251.03 does not provide an affirmative defense to prosecution to an individual who passively receives emergency medical attention.

Moreover, we conclude that, based upon the words the General Assembly chose to employ, the statute does not extend the affirmative defense protection to another individual who merely receives emergency medical attention because someone else reported the overdose. If such were the General Assembly's intent, every person who overdosed on a controlled substance while on a public sidewalk and who received medical care, simply because an anonymous passerby called 911, would be protected from prosecution by this statute. This cannot be the intent of the General Assembly because it would give no meaning to the remainder of the sentence "for himself, if he is experiencing an overdose, or for another individual, if such other individual is experiencing an overdose, by contemporaneously reporting such overdose." If the legislature intended that the statute be construed in the manner Broadous suggests, it could have simply ended the sentence at "such individual, in good faith, seeks or obtains emergency medical attention," but it did not.

Finally, as of the date of this opinion, slightly more than half of our sister states have enacted statutory "safe harbor" protection for overdose reporters. National Conference of State Legislatures, http://www.ncsl.org/research/civil-and-criminal-justice/drug-overdose-immunity-good-samaritan-laws.aspx. (last visited Nov. 2, 2016). State legislatures that chose to extend protection to the overdose victim who passively receives aid have done so expressly. For example, Ohio defines "qualified individual" as a "person acting in good faith who seeks or obtains medical assistance for another person who is experiencing a drug overdose, *or a person who is the subject of another person seeking or obtaining medical assistance for that overdose*." Ohio Code § 2925.11(B)(2)(a)(viii) (emphasis added). This third category is absent from Virginia's statute presumably because our legislature made a policy decision not to include it. Because "[c]ourts cannot add language to the statute the General Assembly has not seen fit to include," we will not second guess that policy decision by expanding an affirmative defense in Code § 18.2-251.03 beyond that specifically contemplated by the General Assembly. Moreno v. Commonwealth, 65 Va. App. 121, 125, 775 S.E.2d 422, 424 (2015) (quoting Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006)).

In sum, we hold that a plain reading of Code § 18.2-251.03, in its entirety, provides an affirmative defense only to the individual making the emergency report. Here, viewing the evidence in the light most favorable to the Commonwealth, that individual was Broadous' boyfriend, Green. Thus, we conclude that Code § 18.2-251.03(B)(1) does not extend an affirmative defense to Broadous.

For these reasons, we affirm the decision of the circuit court that the affirmative defense provided by Code § 18.2-251.03 does not apply in this case, and we affirm Broadous' conviction pursuant to Code § 18.2-250.

Affirmed.